THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT W. STRICKLAND, Defendant-Appellant.

Third District    No. 3—01—0775

Opinion filed August 6, 2003.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, and Richard Dvorak, of Chicago, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (Lawrence M. Bauer and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant, Robert Strickland, was charged with bringing contraband into a penal institution and aiding an escape. A jury found him guilty on both counts and the court sentenced him to concurrent terms of imprisonment of 24 years and 7 years, respectively. Defendant claims that the statute under which he was convicted is unconstitutional, that the court gave improper jury instructions, and that the State failed to prove him guilty beyond a reasonable doubt. We affirm.

Defendant's cousin, John Shannon, was being held on double homicide charges at the Kankakee County jail. Shannon had access to a cellular phone hidden near his cell and called defendant on December 21, 1999. Shannon instructed defendant to go to a certain address, pick up a package, and deliver it to Melody Burdunice, a correctional officer employed at the Kankakee County jail. Defendant picked up the package and drove to Burdunice's home. It appears that defendant had known Burdunice for two years and was aware that she was a Kankakee County department of corrections officer.

When defendant arrived, Burdunice asked him to accompany her to her room, where she received a call from Shannon. Burdunice told Shannon that the package, a facial tissue box, was too big to sneak into the prison. Shannon spoke with defendant and told him to return to his home.

Defendant returned home with the package, and shortly thereafter,

Shannon called. Shannon instructed defendant to remove the object from the package and place it in a smaller box. Defendant opened the tissue box, removed some tissues, and discovered a gun wrapped among the tissues. Defendant placed the gun inside an empty video-cassette tape box and wrapped it in clear tape to keep the box closed.

Later, Burdunice arrived at defendant's home on her way to work at the jail. Defendant gave the box to Burdunice and she left. Minutes later, Shannon called and defendant assured him that Burdunice had picked up the package.

Early the next morning, an inmate at the jail used the gun to shoot a correctional officer and escape. That day, defendant was arrested at his home. Four days later, the escaped inmate was captured. Defendant was tried and convicted of causing another to bring contraband into a prison and aiding an escape.

## I

■ Defendant first claims that the statute prohibiting a person from causing another to bring contraband into a prison is unconstitutional. Specifically, defendant argues that no person of ordinary intelligence can understand the meaning of the phrase "cause another," rendering the statute unconstitutionally vague. Since we are evaluating the construction of a statute, our review is de novo. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 46 (2002).

■ For defendant to prevail, he must show that the statute did not provide clear notice that his conduct was prohibited. *People v. Jihan*, 127 Ill. 2d 379, 385 (1989). When a statute is examined in light of the facts of the case and the statute clearly applies to the party's conduct, then a constitutional challenge based on vagueness must fail. *People v. Ryan*, 117 Ill. 2d 28, 34 (1987).

■ The statute in question prohibits a person from bringing contraband into a prison or causing another to bring contraband into a prison. 720 ILCS 5/31A—1.1 (West 2002). It does not define "cause," and in the absence of a statutory definition, terms must be given their ordinary meaning. *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 168 (1995). "Cause" ordinarily means "[t]o bring about" or to "bring into existence." Black's Law Dictionary 213 (7th ed. 1999); Webster's Third New International Dictionary 356 (1986); see *People ex rel. Ryan v. McFalls*, 313 Ill. App. 3d 223 (2000).

In a decision concerning a drug-trafficking statute, the Fourth District held that the phrase "causes to be brought into the state" was not unconstitutionally vague:

"The word 'cause' is a common word, easily understood. The

statute indicates to any reasonable person that anyone who knowingly participates in a drug transaction as a result of which controlled substances are brought into this State for purposes of manufacture or delivery will be guilty of a criminal offense. \*\*\* The defendant's role as a conduit was an essential link in the chain of events which culminated in the delivery of one ounce of cocaine \*\*\* in Springfield, Illinois." *People v. Govin*, 213 Ill. App. 3d 928, 935 (1991).

■ The same reasoning applies in this case. The statute indicates that any person that knowingly participates in a transaction which results in contraband being brought into a prison will be guilty of a criminal offense. Defendant, by acquiring the gun, repackaging it, and giving it to Burdunice, played an essential role in the delivery of the gun to the prison. Since the statute prohibits defendant's actions, his vagueness claim must fail.

## II

Defendant next argues that he was denied his right to a fair trial because the court gave improper "double accountability" jury instructions that are not recognized by Illinois law. The trial court instructed the jury to find defendant guilty on the first count if the State proved that "the defendant, or one for whose conduct he is legally responsible, knowingly caused another to bring an item of contraband, to wit: a firearm, into a penal institution." The instructions for the escape charge included similar language. Defendant argues that the phrase "or one for whose conduct he is legally responsible" was confusing and misleading.

■ When reviewing a claim based on improper jury instructions, we must first determine whether any error occurred. *People v. Dennis*, 181 Ill. 2d 87, 95-96 (1998). If we find an error in the jury instruction, we must determine whether, in spite of that error, the evidence of defendant's guilt was so clear and convincing as to render the error harmless beyond a reasonable doubt. *Dennis*, 181 Ill. 2d at 96.

### A. Contraband Charge

■ The State argued at trial that defendant was guilty of the contraband charge as a principal. The inclusion of instructions charging him as accountable, therefore, might have been confusing to the jury. Since the trial court may have erred by including the accountability instruction, we must consider whether the error was harmless.

The evidence established that defendant caused the gun to be brought into the prison. The State made no claim that someone for whom defendant was legally responsible committed the offense. Neither party argued the merits of the accountability instruction to

the jury. We believe that the result would have been the same without the accountability instruction. The defendant's guilt as a principal in the offense was clear and convincing; thus, the inclusion of the improper accountability instruction was harmless error beyond a reasonable doubt.

## B. Aiding Escape Charge

■ We next consider whether the accountability instruction was properly given with regard to the aiding an escape charge. The court issued an Illinois pattern instruction that defined accountability as follows:

> "A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of the offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of the offense." Illinois Pattern Jury Instructions, Criminal, No. 5.03 (4th ed. 2000) (hereinafter IPI Criminal 4th).

IPI Criminal 4th No. 5.03 is nearly identical to Illinois's accountability statute. See 720 ILCS 5/5—2(c) (West 2002). Defendant speculates that the inclusion of that instruction could have allowed the jury to convict him "even if it believe [*sic*] the evidence showed the defendant aided some unknown person, who then aided [the convict], a person the defendant never met, escape from jail." Defendant argues that such a theoretical possibility is a constitutionally unfair deprivation of due process.

We need not theorize about defendant's guilt. At Shannon's request and in concert with Burdunice, defendant concealed a gun in a package and provided it to Burdunice for transfer to the prison. These acts resulted in an inmate using that gun to escape from the jail. Defendant aided Shannon's attempted escape and was, according to Illinois's accountability statute, legally responsible for Shannon's and Burdunice's actions.

The jury instructions gave the jury the opportunity to consider defendant's culpability in that escape. It does not matter, as defendant contends, that he did not personally know the escaped convict. Defendant was accountable for Shannon's and Burdunice's actions; since their actions aided the convict's escape, defendant can also be found guilty of aiding the escape. Here, the accountability instruction was properly given.

## III

Defendant claims that the State failed to prove beyond a reasonable doubt that he acted knowingly for each offense. Under the ap-

plicable standard of review, we must consider whether any reasonable fact finder could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution. *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

■ The Criminal Code of 1961 states that one acts with knowledge when it is substantially probable that his conduct violates the statute or when he is consciously aware that the illegal result of his conduct is practically certain to be caused by his conduct. 720 ILCS 5/4—5 (West 2002). Knowledge may be inferred from the facts and the circumstances of the case. *People v. Holt*, 271 Ill. App. 3d 1016 (1995).

■ The evidence establishes that: (1) defendant was in communication with Shannon, (2) he knew Burdunice worked at the prison, (3) he knew that Burdunice was also in contact with Shannon, (4) he packaged and concealed a gun that he ultimately gave to Burdunice on her way to the prison, and (5) he knew Shannon was going to try to use the gun to help him and a fellow inmate escape. These facts are sufficient to establish that defendant acted knowingly for both offenses. Under the *Collins* standard, a rational trier of fact could have found the essential elements beyond a reasonable doubt.

## IV

Defendant argues that his conviction should be reversed because a public act that amended the statute under which he was convicted violated the single subject rule of the Illinois Constitution.

■ The single subject rule states that legislative bills, with few exceptions, must be confined to one subject. Ill. Const. 1970, art. IV, § 8(d). This rule forces the legislature to give all legislation the same scrutiny and prevents unpopular measures from being attached to unrelated, popular bills. *People v. Cervantes*, 189 Ill. 2d 80, 83-84 (1999). To meet the requirements of the single subject clause, matters included within an enactment must have a natural and logical connection to a single subject. *Cervantes*, 189 Ill. 2d at 84.

■ Defendant claims that Public Act 84—1041 (Pub. Act 84—1041, eff. November 26, 1985) (84 Act) violated the single subject rule. The 84 Act, in part, amended the statute which criminalized the act of bringing contraband into a penal institution. The 84 Act added an additional section to create two distinct laws; the first made it illegal to bring contraband into a *nonstate* penal institution, and the second section made it illegal to bring contraband into a *state* penal institution.

Public Act 86—866 (Pub. Act 86—866, eff. January 1, 1990) (86 Act) repealed the nonstate penal institution section created by the 84 Act and amended the remainder of the statute by removing the "state" classification of a penal institution. The result was that the law, with

some definition and sentencing changes, essentially reverted to its form prior to the passage of the 84 Act. After the passage of the 86 Act, the conduct of bringing contraband into a penal institution was again prohibited, with no distinction between a state or nonstate penal institution. Although the 84 Act may have violated the single subject clause, the passage of the 86 Act remedied any constitutional infirmity. Since defendant's conduct occurred in 1999, he was not affected by the 84 Act.

## CONCLUSION

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BARRY and SCHMIDT, JJ., concur.