804 N.E.2d 1075 (2004)
346 Ill. App.3d 83
281 Ill.Dec. 780
In re M.T., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
M.T., Respondent-Appellant).
No. 1-01-2314.
Appellate Court of Illinois, First District, Sixth Division.
February 6, 2004.
Rehearing Denied March 5, 2004.
*1077 Office of the State Appellate Defender, Chicago (Michael J. Pelletier, Beth Herndobler, of counsel), for Appellant.
Cook County State's Attorney, Chicago (Richard A. Devine, Renee Goldfarb, James E. Fitzgerald, Michelle Katz, of counsel), for Appellee.
Justice GALLAGHER delivered the opinion of the court:
Respondent, M.T., is a juvenile who was charged with indecent solicitation of an adult pursuant to section 11-6.5(a)(1)(ii) of the Criminal Code of 1961. 720 ILCS 5/11-6.5(a)(1)(ii) (West 2000). He was *1078 found guilty and, therefore, delinquent. Following a dispositional hearing, the trial court sentenced respondent to 30 days in the juvenile detention center and 18 months' probation. As a condition of probation, the trial court ordered 30 hours of community service, participation in the violence prevention program and the victim impact program, and mandatory counseling. Respondent was also ordered to undergo a sex offender evaluation and to register with the police as a sex offender. Respondent now appeals from his adjudication of delinquency and dispositional order of commitment.

BACKGROUND
On March 16, 2001, respondent was 16 years old and a sophomore at Luther South High School. On that day, during the eighth period of the school day, respondent had a conversation in the bathroom with A.T., who was also 16 years old. A.T. testified that he had known respondent since his freshman year, but that they were not friends and did not associate together. According to A.T., respondent "Asked me, did you want some head. So I said yeah." Respondent instructed A.T. to go to the science lab, located in room 114. This room, also referred to as Mr. Witt's room, was normally not occupied during eighth period because no class was scheduled. When he spoke with respondent, A.T. did not think that anyone else was in the bathroom.
According to 16-year-old A.D., however, he entered the bathroom during eighth period, saw respondent and A.T., and was told by respondent to "go tell that bitch to go down to Mr. Witt's room." A.D. understood respondent to be referring to E.J.[1] E.J. was a junior at Luther South and had just turned 18 years old on March 11, 2001.
A.D. returned to his classroom which, at the time, was being supervised by a substitute teacher who was engaged in watching a basketball game. A.D. relayed respondent's message to E.J. who said "damn," got up, and went to the science lab.
A.T. further testified that when he arrived at the science lab, respondent and E.J. were there. A.T. knew E.J. "from around school," but had never spoken with her before. A.T. could not hear what respondent might have been saying to E.J., but respondent pointed at A.T., at which point E.J. walked across the room, unzipped A.T.'s pants and performed an act of oral sex on him.
A.D. testified that, about seven to eight minutes after E.J. left the classroom, the substitute teacher left the classroom followed by A.D. and several other students. They all went to the science lab. A.D. testified that A.T. was not there and that he saw E.J. on her knees in front of respondent, who was seated in a chair.
E.J. testified that A.D. came to her class and told her to go to room 114 to meet respondent. She said that she went "[b]ecause I was afraid if I didn't go, [respondent] would threaten to beat me up." E.J. testified that on a prior occasion, respondent slammed her head into a locker when she refused to perform oral sex on "any guy in the school" in exchange for money.
Respondent testified on his own behalf. He testified that he met E.J. in 1999, when he was a freshman. He said that he began a sexual relationship with E.J. in April 2000 that lasted until the beginning of June 2000. He denied that he had any relationship with E.J. after June 2000. He also denied talking to either A.T. or A.D. in the washroom. He denied being in room 114 during the eighth period on the *1079 day in question. He denied asking E.J., or having the power to force her, to have oral sex with anyone.
The trial court entered a finding of delinquency. The trial court also denied respondent's motion for a new trial in which he challenged the constitutionality of the indecent solicitation of an adult statute (720 ILCS 5/11-6.5 (West 2000)) (hereafter, the Act). Following a dispositional hearing on June 20, 2001, the trial court sentenced respondent to 30 days in the juvenile detention center and 18 months' probation. As a condition of probation, the trial court ordered 30 hours of community service and participation in the violence prevention program, victim impact program and mandatory counseling. Respondent was also ordered to undergo a sex offender evaluation and to register with the police as a sex offender. Respondent filed a timely notice of appeal on July 13, 2001.

ANALYSIS
Respondent has raised several issues in this appeal, which include constitutional challenges to the Act, which we address seriatim. We shall first address respondent's argument that his finding of delinquency should be reversed because the legislature did not intend for the Act (720 ILCS 5/11-6.5 (West 2000)) to apply to juveniles. See, e.g., Beahringer v. Page, 204 Ill.2d 363, 370, 273 Ill.Dec. 784, 789 N.E.2d 1216, 1221 (2003) (court will consider constitutional question only where essential to disposition of a case, i.e., where case cannot be determined on other grounds).
Our standard of review in cases involving statutory interpretation is de novo. In re Justin M.B., 204 Ill.2d 120, 124, 272 Ill.Dec. 637, 787 N.E.2d 823, 825 (2003). The best indicator of legislative intent is the language of the statute. In re Justin M.B., 204 Ill.2d at 124, 272 Ill.Dec. 637, 787 N.E.2d at 825. If the plain language of a statute is clear and unambiguous, a court must give effect to the statute as written and cannot read exceptions, limitations or conditions into the statute that the legislature did not express. In re J.W., 204 Ill.2d 50, 62, 272 Ill.Dec. 561, 787 N.E.2d 747, 755 (2003); In re Justin M.B., 204 Ill.2d at 124, 272 Ill.Dec. 637, 787 N.E.2d at 825. There is no need to resort to other aids of construction where the language of the statute is clear and unambiguous. In re B.L.S., 202 Ill.2d 510, 515, 270 Ill.Dec. 23, 782 N.E.2d 217, 221 (2002).
The Act provides as follows:
"§ 11-6.5. Indecent solicitation of an adult.
(a) A person commits indecent solicitation of an adult if the person:
(1) Arranges for a person 17 years of age or over to commit an act of sexual penetration as defined in Section 12-12 with a person:
(i) Under the age of 13 years; or
(ii) Thirteen years of age or over but under the age of 17 years; or
(2) Arranges for a person 17 years of age or over to commit an act of sexual conduct as defined in Section 12-12 with a person:
(i) Under the age of 13 years; or
(ii) Thirteen years of age or older but under the age of 17 years.
(b) Sentence.
(1) Violation of paragraph (a)(1)(i) is a Class X felony.
(2) Violation of paragraph (a)(1)(ii) is a Class 1 felony.
(3) Violation of paragraph (a)(2)(i) is a Class 2 felony.
(4) Violation of paragraph (a)(2)(ii) is a Class A misdemeanor." 720 ILCS 5/11-6.5 (West 2000). *1080 As the State correctly notes, the Act (720 ILCS 5/11-6.5 (West 2000)) is clear and unambiguous. The Act defines the offender as a "person." Nothing in the plain language of the Act limits the definition of the person who does the arranging to an adult or a person over the age of 17. "There is no rule of construction that allows a court to declare that the legislature did not mean what the plain language of the statute imports." Nudell v. Forest Preserve District of Cook County, 207 Ill.2d 409, 424, 278 Ill.Dec. 542, 799 N.E.2d 260, 268 (2003).
In arguing that the Act does not apply to juveniles, respondent does not dispute that the plain language of the Act does not require that the offender be an adult. Rather, relying on portions of the legislative debates, respondent asserts that the legislature made an inadvertent omission in not defining the offender as an adult. Respondent argues that the legislature intended that the "person" be an adult, i.e., a person 17 years of age or over, because the Act's purpose is to protect children from exploitation by adults. Respondent notes that this court has stated that the purpose of the indecent-liberties-with-a child statute (Ill.Rev.Stat., 1971, ch. 38, par. 11-4) was to "protect innocent children from the sexual advances of older persons who have a dangerous propensity to victimize the immature." People v. Plewka, 27 Ill.App.3d 553, 559, 327 N.E.2d 457, 461 (1975); see also People v. Nash, 183 Ill.App.3d 924, 929, 132 Ill.Dec. 259, 539 N.E.2d 822, 824-25 (1989) (noting that the intent of the prior indecent-solicitation-of-a-child statute was to prevent any adult-child sexual crimes). Respondent argues that because the Act (720 ILCS 5/11-6.5 (West 2000)) at issue here, along with the indecent-solicitation-of-a-child statute (720 ILCS 5/11-6 (West 2000)), arose out of the indecent-liberties-with-a-child statute (Ill. Rev.Stat., 1971, ch. 38, par. 11-4), its purpose is the same. He further asserts that an absurd result is achieved when a child is prosecuted under a statute aimed at protecting children.
That the particular factual scenario involving the offender here was not discussed by the legislature does not mean that the legislature made an inadvertent omission in not limiting the offender to an adult. Nor would application of the Act here lead to an absurd result. We agree with the State that the fact that this respondent, at the young age of 16, had managed to commit an offense that one would normally consider reserved for more mature criminals does not somehow cry out for exemption from application of the law. The legislature has already allowed for prosecution of juveniles based on a violation of "any federal or State law or municipal or county ordinance." (Emphasis added.) 705 ILCS 405/5-120 (West 2000). While the purpose of the Act is to protect children from being sexually victimized, the person from whom they are being protected is not required to be an adult. The Act protects the child victim from the person who arranges the acts and creates the situation that places the victim in harm's way.
Respondent also argues that because the Act was designed to protect children from exploitation, as a juvenile, he falls within the protected group and cannot be prosecuted as an offender under the Act. As the State notes, taking respondent's argument to its logical conclusion, a juvenile could never be prosecuted under any law designed to protect juvenile victims. As we have already noted, however, juveniles can be prosecuted under "any federal or State law or municipal or county ordinance." (Emphasis added.) 705 ILCS 405/5-120 (West 2000). We hold that the indecent solicitation of an adult statute (720 ILCS *1081 5/11-6.5(a)(1)(ii) (West 2000)), under which respondent was charged, is clear and unambiguous on its face and is fully applicable to juveniles.
We now turn to the several constitutional challenges raised by respondent in this appeal. Respondent contends that the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution. U.S. Const., amend. XIV; Ill. Const.1970, art. I, § 2. Respondent has put forth three separate arguments in support of his contention: (1) the Act felonizes misdemeanor conduct; (2) the Act does not require a culpable mental state leading to felony convictions based on innocent conduct and conduct that lacks a criminal purpose; and (3) the Act is unconstitutionally vague.
Respondent first asserts that the Act violates due process because it felonizes misdemeanor conduct. Prior to the enactment of the Act, a person who "arranged" a sex act between an adult and a minor could only be charged under an accountability theory. Prosecutors, however, had difficulty in successfully prosecuting the individual who had "arranged" the sex act, so the legislature passed the Act. See 88 Ill. Gen. Assem., Senate Debates, May 13, 1993.
Under the Act, the person who arranges an act of sexual penetration between a person 17 years or over and a person who is at least 13, but not yet 17, commits a Class 1 felony. 720 ILCS 5/11-6.5(a)(1)(ii) (West 2000). Respondent notes, however, that the adult who actually engages in the act of sexual penetration with the child only commits criminal sexual abuse, a Class A misdemeanor. 720 ILCS 5/12-15(c) (West 2000) (A person commits "criminal sexual abuse when he or she commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim"). That same adult would not be charged under the indecent-solicitation-of-a-child statute (720 ILCS 5/11-6 (West 2000)) because criminal sexual abuse is not an offense under that statute. Rather, the indecent-solicitation-of-a-child statute provides, in relevant part, as follows:
"A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12-12 of this Code." (Emphasis added.) 720 ILCS 5/11-6(a) (West 2000).
Thus, before the enactment of the Act, the "arranger" would only have been accountable for a Class A misdemeanor. Respondent asserts that sentencing the person who is accountable for a Class A misdemeanor offense to a Class 1 felony sentence is not a reasonable means of punishment. Thus, respondent asserts that the Act felonizes misdemeanor conduct and thereby violates due process principles. Respondent has failed to cite any cases supporting this argument, but instead cites the constitution generally.
The State responds that respondent's argument is fundamentally flawed because criminal sexual abuse was not the sole offense with which an offender could have been charged prior to the enactment of the Act. But the State fails to address respondent's argument directly. While it may be true that the "likely offense" being charged against the person who had *1082 arranged the sex act between the adult and the child was that of solicitation of a child, which itself had penalties ranging from a Class 1 to a Class 3 felony, none of those penalties applied when the sexual act constituted criminal sexual abuse. Rather, the felonies only applied when the sexual act, had it been done, constituted aggravated criminal sexual abuse (in which case the violation of the indecentsolicitation-of-a-child statute would be a Class 3 felony), criminal sexual assault (in which case the violation of the indecentsolicitation-of-a-child statute would be a Class 2 felony) or either predatory criminal sexual assault of a child or aggravated criminal sexual assault (in which case the violation of the indecent-solicitation-of-a-child statute would be a Class 1 felony). Thus, respondent is apparently correct that under the Act, where the factual scenario involves an adult who actually commits the sexual act and that adult is less than five years older than the victim, the "arranger" is now subject to a felony where that same arranger, prior to the enactment of the Act, could not have been held accountable under the indecent-solicitation-of-a-child statute, but only accountable under the criminal sexual abuse statute. Again, this argument only seems to apply where the age difference between the adult and child engaging in the sexual act is less than five years. Where the age difference between the adult and child engaging in the sexual act is Such that the adult is at least five years older than the child is, the offense would constitute aggravated criminal sexual abuse. The indecent-solicitation-of-a-child statute is violated when the act, if done, would be aggravated criminal sexual abuse, and the penalty is then a Class 3 felony.
Respondent, citing People v. P.H., 145 Ill.2d 209, 220, 164 Ill.Dec. 137, 582 N.E.2d 700, 704-05 (1991) and People v. Watson, 118 Ill.2d 62, 66, 112 Ill.Dec. 701, 514 N.E.2d 167, 169 (1987), correctly notes that a party has standing to challenge the validity of a statute if he or she has sustained, or is in immediate danger of sustaining, some direct injury as a result of enforcement of the statute. Nonetheless, we agree with the State that respondent here lacks standing to complain that the Act unlawfully felonizes misdemeanor conduct.
The general rule is that courts will not consider the validity of a statutory provision unless the person challenging the provision is directly affected by it or the unconstitutional feature is so pervasive as to render the entire statute invalid. People v. Morgan, 203 Ill.2d 470, 482, 272 Ill.Dec. 160, 786 N.E.2d 994, 1002 (2003). This court has a duty to affirm a statute's constitutionality and validity if reasonably possible. People v. Hill, 199 Ill.2d 440, 443, 264 Ill.Dec. 670, 771 N.E.2d 374, 376 (2002). A party lacks standing to challenge the constitutionality of a statute unless he is able to show himself to be within the class aggrieved by the alleged unconstitutionality. People v. Mayberry, 63 Ill.2d 1, 6, 345 N.E.2d 97, 100 (1976), cert. denied, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). A defendant does not ordinarily have standing to challenge a statute as it might be applied to others in different circumstances. People v. Hill, 199 Ill.2d 440, 445, 264 Ill.Dec. 670, 771 N.E.2d 374 (2002) (defendant lacked standing to challenge section of sentencing statute not applicable to him).
Respondent has failed to show how he has been aggrieved by the purported unconstitutional provisions of the Act. As the State notes, respondent was not tried as an adult, nor convicted of a felony. He was tried and adjudicated delinquent under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 et seq. (West 2000)). Disposition *1083 of the petition for adjudication of wardship resulted in the imposition of a sentence of probation. Respondent thus lacks standing to complain that the Act felonizes misdemeanor conduct because he is not directly affected as one "within the class aggrieved by the alleged unconstitutionality." (Emphasis added.) Mayberry, 63 Ill.2d at 6, 345 N.E.2d at 100.
Respondent has also argued that the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const., amend. XIV; Ill. Const.1970, art. I, § 2) because it does not require a culpable mental state or criminal purpose and allows for the potential prosecution of innocent conduct and conduct that lacks a criminal purpose. He contends that a person who innocently arranges a date between a person 17 years old and another 16 years old would be subject to prosecution if the date resulted in an act of consensual sexual penetration because the Act does not require proof of an unlawful purpose.
Respondent lacks standing to challenge the constitutionality of the Act on this basis also, because he is unable to show himself to be within the class aggrieved by the alleged unconstitutionality. Mayberry, 63 Ill.2d at 6, 345 N.E.2d at 100. In Hill, the Illinois Supreme Court held that a defendant lacked standing to challenge the section of a sentencing statute not applicable to him. People v. Hill, 199 Ill.2d 440, 264 Ill.Dec. 670, 771 N.E.2d 374 (2002).
Moreover, respondent's argument is meritless. In order to be convicted of violating the Act, the offender (the solicitor) must "arrange" for an adult "to commit" an act of "sexual penetration" or "sexual conduct." Merely arranging a date or a meeting would not be encompassed by the Act. We agree with the State that the statute, on its face, requires that the offender possess both the culpable mental state and the criminal purpose.
Respondent's last argument as to why the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) is that it is unconstitutionally vague. He contends that the statute is vague because it does not define "arranges." He again relies on the hypothetical of a person merely "arranging" a date between an adult and a minor, where the date then results in sex.
We first note that a statute is not void for vagueness merely because of the absence of statutory definitions of some terms. People v. Boclair, 202 Ill.2d 89, 105-06, 273 Ill.Dec. 560, 789 N.E.2d 734, 744 (2002). Instead, courts will assume that the undefined statutory words have their ordinary and popularly understood meanings. See, e.g., People v. Anderson, 148 Ill.2d 15, 28, 169 Ill.Dec. 288, 591 N.E.2d 461, 467 (1992). There is nothing vague about the term "arrange," considering Webster's dictionary definition of "come to an agreement or understanding about." Webster's Third New International Dictionary 120 (1986).
A vagueness determination is made in the factual context of each case in light of the particular facts at hand. People v. Warren, 173 Ill.2d 348, 358, 219 Ill.Dec. 533, 671 N.E.2d 700, 706 (1996). A statute is not unconstitutionally vague merely because hypothetical situations can be imagined in which the meaning of some terms may be called into question or because the regulation is susceptible to misapplication. People v. Izzo, 195 Ill.2d 109, 113, 253 Ill.Dec. 425, 745 N.E.2d 548, 552 *1084 (2001); Granite City Division of National Steel Co. v. Illinois Pollution Control Board, 155 Ill.2d 149, 184 Ill.Dec. 402, 613 N.E.2d 719 (1993); City of Chicago v. Powell, 315 Ill.App.3d 1136, 1146, 248 Ill. Dec. 799, 735 N.E.2d 119, 128 (2000); accord People v. Warren, 173 Ill.2d 348, 359, 219 Ill.Dec. 533, 671 N.E.2d 700, 706 (1996) (a "defendant may not simply conjure up hypothetical situations in which the statutory standards might conceivably be unconstitutionally vague").
Again, however, respondent has failed to establish that he has standing to raise this vagueness challenge to the statute. Where, as here, a statute does not implicate first amendment concerns, in order to prevail in a vagueness challenge to the statute, a party must demonstrate that the statute was vague as applied to the conduct for which the party is being prosecuted. People v. Garrison, 82 Ill.2d 444, 454, 45 Ill.Dec. 132, 412 N.E.2d 483 (1980); see also People v. Johnson, 341 Ill.App.3d 583, 587, 276 Ill.Dec. 15, 793 N.E.2d 774, 777 (2003) ("Where the contested statute does not involve a first amendment right, it may only be examined as it applies to the case at hand"). "That is, the party must show that the statute did not provide clear notice that the party's conduct was prohibited." People v. Jihan, 127 Ill.2d 379, 385, 130 Ill.Dec. 422, 537 N.E.2d 751, 754 (1989). "When a statute is examined in light of the facts of the case and the statute clearly applies to the party's conduct, then a constitutional challenge based on vagueness must fail." People v. Strickland, 342 Ill.App.3d 566, 569, 277 Ill.Dec. 125, 795 N.E.2d 793, 796 (2003), citing People v. Ryan, 117 Ill.2d 28, 34, 109 Ill.Dec. 162, 509 N.E.2d 1001 (1987).
The only argument respondent puts forth for the proposition that the statute is vague as it applies to him is premised on his prior argument that the legislature inadvertently failed to define the offender as an adult. We have already addressed this argument directly and rejected it as meritless. Moreover, while "`there may be marginal cases in which it is difficult to determine, under a particular fact situation, whether conduct is within an enactment is not reason to hold that the language of the law is too ambiguous to define the duties and conditions involved.'" People v. Warren, 173 Ill.2d 348, 359, 219 Ill.Dec. 533, 671 N.E.2d 700 (1996), quoting City of Decatur v. Kushmer, 43 Ill.2d 334, 336, 253 N.E.2d 425 (1969).
Respondent has standing to raise the issue of whether the statute's language was vague as it applied to him. Respondent has instead premised his vagueness challenge solely on its application to others, under hypothetical situations, and has failed to argue that the statute's language was vague as it applied to his conduct. We conclude that, as applied to respondent, the indecent solicitation of an adult statute (720 ILCS 5/11-6.5 (West 2000)) is not unconstitutionally vague.
Respondent's next constitutional challenge is that the sentencing provisions for violations of the Act, provisions which respondent was not subject to in the instant case, violate the proportionate penalties clause of the Illinois Constitution (Ill. Const.1970, art. I, § 11). He asserts that the penalties are unconstitutionally disproportionate because (a) identical offenses are punished differently and (2) the penalties for violations of the Act are harsher than those imposed under the indecent-solicitation-of-a-child statute (720 ILCS 5/11-6 (West 2000)) in violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).
A statute may be deemed unconstitutionally disproportionate if: (1) the *1085 punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that creates a less serious threat to the public health and safety is punished more harshly; or (3) identical offenses are given different sentences. People v. Miller, 202 Ill.2d 328, 338, 269 Ill.Dec. 503, 781 N.E.2d 300, 307 (2002). Respondent contends that the sentencing scheme of the Act is unconstitutionally disproportionate based upon the second and third grounds.
As a threshold matter, however, respondent once again has failed to establish that he has standing to challenge the constitutionality of the sentencing provisions of the Act. "A fundamental rule of constitutional law is that a court will not determine the constitutionality of a provision of a statute which does not affect the parties to the cause under consideration." People v. Hamm, 149 Ill.2d 201, 214, 172 Ill.Dec. 179, 595 N.E.2d 540, 545 (1992). This court will not consider objections to an allegedly unconstitutional feature of a statute if the complaining party is not in any way aggrieved by the complained-of feature. People v. Becker, 315 Ill.App.3d 980, 1000, 734 N.E.2d 987, 1003, (2000).
Our supreme court has held that a defendant lacked standing to challenge that section of a sentencing statute not applicable to him. People v. Hill, 199 Ill.2d 440, 445, 264 Ill.Dec. 670, 771 N.E.2d 374 (2002). Respondent asserts that Hill is distinguishable because there the defendant was challenging the sentences that applied to offenses for which the defendant had not been charged. Respondent contends that he is challenging the constitutionality of a statute under which he was charged. Respondent apparently takes the incorrect position that a person charged with an offense can then challenge the subject criminal statute in its entirety. Respondent here, a juvenile, was not subject to sentencing under the statute's sentencing provisions. Rather, the disposition of the petition for adjudication of wardship resulted in the imposition of a sentence of probation under the Juvenile Court Act. We, therefore, need not decide whether the sentencing provisions violate the proportionate penalty clause because respondent was not affected by the alleged unconstitutionality. See In re C.J., 328 Ill. App.3d 103, 262 Ill.Dec. 36, 764 N.E.2d 1153 (2002) (holding that, although police initially took juvenile into custody, juvenile arrested on drug charge did not have standing to challenge constitutionality of pretrial detention statute in relation to his drug case, where juvenile was never detained for drug offense).
As noted earlier, however, even where a person is not directly affected by the alleged unconstitutionality, courts will nonetheless consider the validity of a statutory provision if "the unconstitutional feature is so pervasive as to render the entire statute invalid." People v. Morgan, 203 Ill.2d 470, 482, 272 Ill.Dec. 160, 786 N.E.2d 994, 1002 (2003). Respondent, however, has not raised any argument that this court should address whether the Act violates the proportionate penalties clause of the Illinois Constitution (Ill. Const.1970, art. I, § 11) because that constitutional infirmity is so pervasive as to render the entire statute invalid. In fact, our research has disclosed precedent to the contrary. See, e.g., People v. Davis, 177 Ill.2d 495, 508, 227 Ill. Dec. 101, 687 N.E.2d 24, 30-31 (1997) (in which supreme court, after concluding that the penalty for violations of the Firearm Owners Identification Card Act (430 ILCS 65/0.01 et seq. (West 1994)) by a felon (730 ILCS 5/5-5-3(c)(2)(N) (West Supp.1995)) violated section 11 of article I of the 1970 *1086 Illinois Constitution, dismissed charges against defendantwho was directly affected by unconstitutional featureyet did not declare entire statute unconstitutional or invalid). We hold that respondent lacks standing to challenge the sentencing scheme of the Act that was not applicable to him.
Respondent's final constitutional challenge relating to the Sex Offender Registration Act (730 ILCS 150/1 et seq. (West 2000)) and the Illinois Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 et seq. (West 2000)) has been resolved by the Illinois Supreme Court which has ruled that minors who have been adjudged to be delinquent for having committed sex offenses are required to register as sex offenders. In re J.W., 204 Ill.2d 50, 66, 272 Ill.Dec. 561, 787 N.E.2d 747 (2003), cert. denied,  U.S.___, 124 S.Ct. 222, 157 L.Ed.2d 133 (2003).[2]
In accordance with the foregoing, we affirm the judgment of the circuit court of Cook County.
Affirmed.
FROSSARD, P.J., and FITZGERALD SMITH, J., concur.
NOTES
[1] Although E.J. was an adult, we choose to refer to her by her initials.
[2] In his appeal, respondent submitted that the case was wrongly decided and noted that the Illinois Supreme Court's decision was before the United States Supreme Court awaiting a ruling on a petition for a writ of certiorari. J.W. v. Illinois, No. 03-17 (August 12, 2003). The United States Supreme Court subsequently denied the petition for certiorari.