(No. 47495, 47640 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RICKY MAYBERRY, Appellee.—THE PEOPLE OF
THE STATE OF ILLINOIS, Appellant, v. MICHAEL
HURLEY, Appellee.

*Opinion filed March 18, 1976.*

No. 47495.—

William J. Scott, Attorney General, of Springfield, and Robert H. Rice, State's Attorney, of Belleville (Tracy W. Resch, Assistant Attorney General, of Springfield, of counsel), for the People.

Stephen P. Hurley, Deputy Defender, of Mt. Vernon (David M. Rothenberg, of counsel), for appellee.

No. 47640.—

William J. Scott, Attorney General, of Springfield, and C. Joseph Cavanagh, State's Attorney, of Springfield (Tracy W. Resch, Assistant Attorney General, of Springfield, of counsel), for the People.

Michael J. Costello, of Springfield, for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

These are appeals from orders of the circuit courts of

Sangamon County and of St. Clair County dismissing indictments against the defendants. Since the issues presented by the cases are virtually identical, the two cases have been consolidated for appeal.

The defendant Michael Hurley was charged in a two-count indictment with two violations of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 701 *et seq.*). The first count of the indictment alleged that the defendant committed the offense of delivery of more than 30 grams but not more than 500 grams of a substance containing cannabis in violation of section 5(d) of the Act (Ill. Rev. Stat. 1973, ch. 56½, par. 705(d)). The second count alleged that the defendant committed the offense of unlawful possession of more than 30 but not more than 500 grams of a substance containing cannabis in violation of section 4(d) of the Act (Ill. Rev. Stat. 1973, ch. 56½, par. 704(d)).

The defendant Ricky Mayberry was charged in separate indictments with three violations of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1100 *et seq.*). Each indictment charged the defendant with the offense of delivering 200 grams or more of a substance containing a derivative of barbituric acid in violation of section 401(a)(5) of the Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(a)(5)).

The circuit court of Sangamon County dismissed the first count of the indictment against Hurley on the ground that the graduated penalty provision of the Cannabis Control Act is unconstitutional. The circuit court of St. Clair County dismissed the three indictments against Mayberry, holding that the graduated penalty provision in the Controlled Substances Act constituted a violation of the due process and equal protection clauses of the United States and Illinois constitutions. Each court held that the relevant act provided for punishment based upon the amount of a "substance containing" cannabis or a controlled substance rather than upon the amount of the pure

substance sought to be controlled. The courts held that that classification scheme bore no reasonable relation to the legislative purpose of the acts.

Section 5 of the Cannabis Control Act, the portion of the Act relevant to the first count against Hurley, provides that:

"It is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis. Any person who violates this section with respect to:

(a) not more than 2.5 grams of any substance containing cannabis is guilty of a Class B misdemeanor;

(b) more than 2.5 grams but not more than 10 grams of any substance containing cannabis is guilty of a Class A misdemeanor;

(c) more than 10 grams but not more than 30 grams of any substance containing cannabis is guilty of a Class 4 felony;

(d) more than 30 grams but not more than 500 grams of any substance containing cannabis is guilty of a Class 3 felony;

(e) more than 500 grams of any substance containing cannabis is guilty of a Class 2 felony." (Ill. Rev. Stat. 1973, ch. 56½, par. 705.)

Section 401 of the Illinois Controlled Substances Act, the section under which Mayberry was indicted, provides in relevant part that:

"Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this Section with respect to:

(a) the following controlled substances and amounts *** is guilty of a Class 1 felony ***:

* * *

(5) 200 grams or more of any substance containing a derivative of barbituric acid or any of the salts of a derivative of barbituric acid;

* * *

(d) any other amount of a controlled substance classified in Schedule III is guilty of a Class 3 felony. ***"

The Cannabis Control Act and the Controlled Substances Act contain other sections with penalty provisions based upon the weight of a mixed substance rather than upon the weight solely of the substance sought to be controlled. (Ill. Rev. Stat. 1973, ch. 56½, pars. 704, 1401, 1402.) Whether this type of classification scheme is violative of the due process or equal protection clauses is the primary issue presented by these appeals.

Before reaching that issue it is necessary to consider the State's contention that the defendants did not have standing to raise the issue in the trial courts. The defendants reply that the State did not challenge their standing in the trial courts and should therefore be barred from raising the issue of standing on appeal. The general rule is that a party may not raise a question on appeal which was not properly presented to the trial court. (*People v. Curry,* 56 Ill.2d 162.) The reasoning behind that rule is that the trial court should have the first opportunity to consider any question that may arise in a case. In the instant cases, however, the trial courts did consider the issue of standing even though the State did not challenge the standing of the defendants. Each court held that the defendant did possess standing to raise the constitutional questions. Also, there is no indication that the defendants were led to refrain from presenting pertinent rebuttal evidence by the State's failure to argue the issue before the trial courts. For these reasons, we will consider the question of standing.

A party does not have standing to challenge the constitutional validity of a statutory provision if he is not directly affected by it unless the unconstitutional feature is so pervasive as to render the entire act invalid. (*People v. Palkes,* 52 Ill.2d 472.) A party who attacks a statute as unconstitutional must bring himself within the class aggrieved by the alleged unconstitutionality. (*People v. Bombacino,* 51 Ill.2d 17, *cert. denied,* 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230.) The first question raised with

respect to the issue of standing is whether the defendants brought themselves within the class of people allegedly aggrieved by the acts. The acts are alleged to be unfair in those cases in which the cannabis or controlled substance involved is not pure but is mixed with other substances. In those cases, the entire mixed substance is weighed to determine the seriousness of the offense. The State contends that nothing in the record suggests that Hurley was charged with anything but the delivery of pure cannabis or that Mayberry was charged with anything but delivery of pure controlled substances. The possibility that the substance delivered by Hurley may have been pure cannabis and that the substance delivered by Mayberry may have been pure controlled substance, however, does not destroy the defendants' standing to challenge the statutes. The important fact is that Hurley was not indicted for the delivery of cannabis but for the delivery of a "substance containing" cannabis. Mayberry was not indicted for the delivery of controlled substances but for the delivery of "substances containing" controlled substances. Thus, to prove the offenses alleged, the State had no burden to prove the quantity of the pure cannabis or pure controlled substances involved. Nor was either defendant charged with the minimum offense under the statutory provisions cited in their respective indictments. Hurley was threatened with the possible conviction of a Class 3 felony if the State could prove that he delivered some substance weighing more than 30 grams and containing any quantity of cannabis. Mayberry faced the possible conviction of three Class 1 felonies if the State could prove that he delivered certain substances exceeding 200 grams in weight which included any quantity of a derivative of barbituric acid. Furthermore, in contrast to the factual circumstances present in several recent appellate court decisions, we note that the defendants in the instant cases have not pleaded guilty to possession or delivery of a pure substance. (See, e.g., *People v. Kline,* 16 Ill. App. 3d 1017, *aff'd,* 60 Ill.2d

246, and cases cited therein.) We find that under these circumstances the defendants were within the class aggrieved by the alleged unconstitutionality of the acts.

The State also argues that the trial courts erred in deciding the constitutional issues raised by the defendants because the defendants had not yet been convicted of any crime. Since trials of the defendants conceivably could have rendered the constitutional issues moot, the State asserts that the validity of the penalty provisions should not have been considered prior to entry of judgment following conviction. We find this argument to be without merit. One has standing to challenge the validity of a statute if he has sustained or if he is in immediate danger of sustaining some direct injury as a result of enforcement of the statute. (*Cramp v. Board of Public Instruction,* 368 U.S. 278, 7 L. Ed. 2d 285, 82 S. Ct. 275.) Once Hurley was indicted, he was in immediate danger of being convicted of a Class 3 felony pursuant to the enforcement of the Cannabis Control Act. When Mayberry was charged with three violations of the Controlled Substances Act, he was in immediate danger of being convicted of three Class 1 felonies pursuant to the enforcement of that act. Each defendant was faced with the necessity of defending against charges which would have been less serious had the penalty provisions complained of not been in existence. We find that the defendants were directly affected by the alleged unconstitutionality of the acts, therefore, and that they had standing to challenge the acts even though they had not yet been convicted.

The defendants contend that the acts are unconstitutional because they include classification schemes which unreasonably discriminate against certain offenders of the acts. The Cannabis Control Act and the Controlled Substances Act classify offenders by providing that an offense becomes more severe as the weight of the substance involved increases. These classifications are not based upon the amount of pure cannabis or controlled

substance involved but upon the amount of the substance containing the cannabis or controlled substance. Thus, it can be argued that violators of the acts are in a sense punished for the possession, manufacture or delivery of innocuous substances.

In determining whether a statutory classification violates the equal protection clause, we presume that the classification is valid and place the burden of showing invalidity upon the party challenging the classification. A classification scheme will be upheld if any state of facts may reasonably be conceived which would justify the classification. It is only required that there be a reasonable basis for distinguishing between the classes created by the legislation. (*People v. McCabe,* 49 Ill.2d 338.) In *United States ex rel. Daneff v. Henderson,* 501 F.2d 1180 (2d Cir. 1974), the court considered virtually the same issues as those presented in this case. At issue was a New York statute proscribing the possession of dangerous drugs. The statute had a graduated penalty provision similar to the provisions in the Illinois Cannabis Control Act and Controlled Substances Act. The court noted in *Daneff* that dangerous drugs are generally marketed in a diluted or impure state. It was therefore held that it was not unreasonable or irrational for a legislature to deal with the mixture or compound rather than the pure drug. The court went on to state that "[t]he State cannot be expected to make gradations and differentiations and draw distinctions and degrees so fine as to treat all law violators with the precision of a computer." (501 F.2d 1180, 1184.) We find the reasoning of the court in *Daneff* persuasive. Our legislature may have believed that any given amount of drug can be distributed to a greater number of people and thus have a greater potential to be harmful if it is mixed with another substance. While the soundness of that belief may be questionable, the determination is one for the legislature to make, and we cannot find that the classification schemes at issue have no reasonable basis. Also,

the defendants have not demonstrated that a classification scheme based upon the amount of the pure drug contained in a given substance would be feasible. We therefore conclude that the classification schemes are not unconstitutional merely because they are based on the amount of the "substance containing" the cannabis or controlled substance rather than upon the pure cannabis or controlled substance.

For the foregoing reasons we reverse the decisions of the circuit courts of Sangamon and St. Clair Counties and remand the causes with directions that the indictments be reinstated.

*Reversed and remanded,*
*with directions.*