(No. 93329.—

*In re* JUSTIN M.B., a Minor (The People of the State of Illinois, Appellee, v. Justin M.B., Appellant).

*Opinion filed March 20, 2003.*

Daniel D. Yuhas, Deputy Defender, and Arden J. Lang, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and William L. Browers, Margaret O'Connell and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Pursuant to a negotiated plea agreement with the State, Justin M.B. admitted to two charges alleged in juvenile delinquency petitions. The circuit court of Vermilion County accepted the admissions and sentenced him to five years of probation. After a hearing on a subsequent petition to revoke probation, the trial court committed Justin M.B. to the Department of Corrections, Juvenile Division. We granted leave to appeal (177 Ill. 2d

R. 315) to determine whether the requirement of section 5—20 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5—620 (West 1998)) that the court make a notation of a finding of guilt is jurisdictional in nature.

## BACKGROUND

On February 2, 1998, the State filed a juvenile petition in No. 98—JD—15, which alleged that the minor, Justin M.B., committed a residential burglary. On April 13, 1998, the parties tendered a written plea agreement to the court. The court accepted the agreement, which specified that the court would impose a sentence of two years' probation.

On September 24, 1998, the State filed a juvenile petition in No. 98—JD—196, which alleged that Justin M.B. committed another residential burglary. The State also filed a juvenile petition requesting that the court revoke the minor's probation for No. 98—JD—15 because the commission of the second residential burglary constituted a violation of the conditions of his probation. On October 19, 1998, the State filed a juvenile petition in No. 98—JD—205, which alleged that he committed aggravated assault, aggravated battery, and unlawful use of a weapon.

At the adjudicatory hearing on February 9, 1999, the parties offered another written plea agreement under which Justin M.B. admitted committing residential burglary and aggravated battery. In exchange, the State withdrew the petition to revoke probation and the charges of aggravated assault and unlawful use of a weapon. The trial court accepted the plea agreement and sentenced Justin M.B. to five years of probation, without making an oral finding of guilt. However, Judge Anderson referred to Justin M.B. as being under "my jurisdiction and a ward of this court." The docket sheet for this date states, "Admission accepted in each case; finding of delinquency entered. Proposed plea agreement approved

and incorporated as the court's dispositional order herein."

On July 2, 1999, the State filed a petition to revoke Justin M.B.'s probation, alleging he violated his probation by committing cruelty to animals. The hearing on this petition was held on October 19, 1999, before Judge Fahey. The parties stipulated to evidence, but the defense disputed the sufficiency of the evidence. The transcripts of the proceeding and the docket sheet both reflect that the court found the State met its burden of proof. The court committed Justin M.B. to the Department of Corrections, Juvenile Division, for a 90-day psychiatric evaluation. On February 14, 2000, the court heard testimony and committed him to the Department of Corrections for an indeterminate period.

Justin M.B. argues on appeal that the trial court lacked subject-matter jurisdiction to enter the dispositional orders because the court never noted a finding of delinquency or guilt, as required by section 5—620 of the Act (705 ILCS 405/5—620 (West 1998)). The appellate court acknowledged that an opinion from a different appellate district analyzed the same issue and held the trial court lacked subject-matter jurisdiction to enter dispositional orders given its failure to make an explicit finding of delinquency first. *In re J.S.L.*, 197 Ill. App. 3d 148, 154 (1990). The appellate court in the present case declined to follow *J.S.L.* because its interpretation was too "formalistic" (No. 4—00—0166 (unpublished order under Supreme Court Rule 23)) and upheld the order of commitment.

## ANALYSIS

The cardinal principle of statutory interpretation is that the court must effectuate legislative intent. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994). The best indicator of legislative intent is statutory language. *Michigan*

*Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). If statutory language is plain, the court cannot read limitations or conditions into the statute. *In re D.D.*, 196 Ill. 2d 405, 419 (2001). We review issues of statutory interpretation *de novo*. *In re Application of the Cook County Treasurer*, 185 Ill. 2d 428, 432 (1998).

Section 5—620 of the Act states:

"After hearing the evidence, *the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is guilty.* \*\*\* If the court finds that the minor is guilty, the court shall then set a time for a sentencing hearing \*\*\*." (Emphasis added.) 705 ILCS 405/5—620 (West 1998).

The juvenile proceedings concerning Justin M.B. occurred both before and after the effective date of the amendments to the Act contained in Public Act 90—590 (eff. January 1, 1999). However, these and prior amendments to this section changed only some terminology and section numbering.[1] Previous versions of this section contained the same requirement of a notation of the finding of delinquency or guilt prior to the sentencing hearing. See 705 ILCS 405/5—20 (West 1996); Ill. Rev. Stat. 1983, ch. 37, par. 704—8; Ill. Rev. Stat. 1973, ch. 37, par. 704—8.

Neither party disputes that the language of section 5—620 plainly requires the court to make a notation of the finding of guilt prior to sentencing. The issue presented by the parties is whether failure to comply with this statutory requirement deprived the trial court of subject-matter jurisdiction to enter the subsequent dispositional order. We need not reach this issue because

---

[1] Prior to this amendment, the court was required to make a finding of whether or not the minor is "delinquent" by "adjudication" rather than "guilty" at a "trial." 705 ILCS 405/5—20 (West 1996); 705 ILCS 405/5—601, 5—620 (West 2000). Because of the timing of the proceedings and the effective date of the amendment, all four terms are used in this opinion.

we find the trial court complied with the statutory requirement.

Defendant criticizes Judge Fahey for never making an oral or written finding that Justin M.B. was guilty prior to committing him to the Department of Corrections, Juvenile Division. Judge Fahey held a hearing on October 19, 1999, to consider the State's petition to revoke probation in Nos. 98—JD—196 and 98—JD—205. The petition alleged the minor had violated a condition of his probation, which prohibited him from violating criminal statutes, by committing cruelty to animals (510 ILCS 70/3.01 (West 1998)). The State did not file a separate juvenile petition alleging delinquency based on a cruelty to animals charge.

Petitions to revoke probation differ from petitions alleging delinquency. Petitions to revoke probation presume the minor already has been found delinquent or guilty and already has had a dispositional order—a sentence of probation—entered against him or her. At a hearing on a petition to revoke probation, the State has the burden of going forward with the evidence and proving the probation violation by a preponderance of the evidence. 705 ILCS 405/5—720(3) (West 2000); see also *People v. Beard*, 59 Ill. 2d 220, 226 (1974).

At the hearing on the petition to revoke probation in this case, the parties stipulated to the evidence, but defendant disputed the sufficiency of the evidence. Judge Fahey made an oral finding, also noted in the entry on the docket sheet, that the State had met its burden. Judge Fahey comported with the applicable statutory provision; he was not required to make a delinquency or guilty finding of any sort at a hearing on a petition to revoke probation. 705 ILCS 405/5—720 (West 1998). Defendant has not raised a challenge to the sufficiency of the evidence, so we express no opinion on the issue.

We also review the adjudicatory hearing on February

9, 1999, at which Judge Anderson imposed the five-year probationary term for residential burglary, No. 98—JD—196, and aggravated battery, No. 98—JD—205. The docket sheet entry for this date states: "finding of delinquency entered." "Docket" is defined as, "A formal record in which a judge or court clerk briefly notes all the proceedings and filings in a court case." Black's Law Dictionary 495 (7th ed. 1999). Section 5—620 requires the court to "make and note in the minutes of the proceeding a finding of whether or not the minor is guilty." 705 ILCS 405/5—620 (West 1998). A docket entry, therefore, is an appropriate place for the court to record a finding of guilt in compliance with section 5—620.

Here, the court explicitly recorded a finding of delinquency on the docket sheet. Although the amendment substituting the word "guilt" for "delinquent" in section 5—620 became effective in the month preceding this hearing, we attach no import to the court's use of the old term. The Act, before and after the amendment, retained the same definition for "[d]elinquent minor" (705 ILCS 405/5—105(3) (West 2000); 705 ILCS 405/5—3(1) (West 1996)), and the current finding of "guilt" refers to evaluation of allegations of delinquency (705 ILCS 405/5—601 (West 2000)). Therefore, the trial court clearly complied with the requirement of section 5—620.

### CONCLUSION
The trial court complied with the statutory requirement of a written notation of guilt found in section 5—620 (705 ILCS 405/5—620 (West 1998)), so we affirm the judgment of the appellate court, which affirmed the circuit court's probation revocation and sentence.

*Affirmed.*