*In re* M.T., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.T., Respondent-Appellant).

First District (6th Division)    No. 1—01—2314

Opinion filed August 27, 2004.

Michael J. Pelletier and Beth Herndobler, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Michelle Katz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Respondent, M.T., is a juvenile who was charged with indecent solicitation of an adult pursuant to section 11—6.5(a)(1)(ii) of the Criminal Code of 1961 (720 ILCS 5/11—6.5(a)(1)(ii) (West 2000)). He was found guilty and, therefore, delinquent. Following a dispositional hearing, the trial court sentenced respondent to 30 days in the juvenile detention center and 18 months' probation. As a condition of probation, the trial court ordered 30 hours of community service, participation in the violence prevention program and the victim impact program, and mandatory counseling. Respondent was also ordered to undergo a sex offender evaluation and to register with the police as a sex offender. Respondent now appeals from his adjudication of delinquency and dispositional order of commitment. We reverse.

## PROCEDURAL BACKGROUND

Our original opinion in this case was filed on February 6, 2004. *In re M.T.*, 346 Ill. App. 3d 83, 804 N.E.2d 1075 (2004). This case returned to our court, however, by a supervisory order of the Illinois Supreme Court on May 26, 2004, directing us to vacate that judgment. *In re M.T.*, 209 Ill. 2d 581, 808 N.E.2d 1007 (2004). Our supreme court further instructed us "to consider respondent's due process and proportionate penalties challenges on their merits." *M.T.*, 209 Ill. 2d 581, 808 N.E.2d 1007. In our original opinion, we had addressed some of those challenges, but declined to address others after we concluded that respondent lacked standing to raise them. "It is well established that, where standing is lacking, it is inappropriate to consider the

merits of the claims raised." *Harris Trust & Savings Bank v. Duggan*, 95 Ill. 2d 516, 527, 49 N.E.2d 69, 74 (1983), citing *Warth v. Seldin*, 422 U.S. 490, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975). As we stated in our original opinion, which we restate here: "The general rule is that courts will not consider the validity of a statutory provision unless the person challenging the provision is directly affected by it or the unconstitutional feature is so pervasive as to render the entire statute invalid. *People v. Morgan*, 203 Ill. 2d 470, 482, 786 N.E.2d 994, 1002 (2003)." *M.T.*, 346 Ill. App. 3d at 91. It is unclear from the supervisory order whether our supreme court has disagreed with our decision that respondent lacked standing or whether it believes that an alleged unconstitutional feature (or features) of the indecent-solicitation-of-an-adult statute is so pervasive as to render the statute entirely invalid. Thus, we shall interpret the supervisory order as directing us to reexamine our decision and reasoning that respondent lacked standing to challenge those provisions of the statute that did not apply to him. We have additionally interpreted our supreme court's supervisory order directing us to address the merits of the respondent's constitutional challenges as telling us to do so with an eye towards whether some unconstitutional feature of the statute is so pervasive that it renders the entire statute invalid.

## FACTUAL BACKGROUND

On March 16, 2001, respondent was 16 years old and a sophomore at Luther South High School. On that day, during the eighth period of the school day, respondent had a conversation in the bathroom with A.T., who was also 16 years old. A.T. testified that he had known respondent since his freshman year, but that they were not friends and did not associate together. According to A.T., respondent "Asked me, did you want some head. So I said yeah." Respondent instructed A.T. to go to the science lab, located in room 114. This room, also referred to as Mr. Witt's room, was normally not occupied during eighth period because no class was scheduled. When he spoke with respondent, A.T. did not think that anyone else was in the bathroom.

According to 16-year-old A.D., however, he entered the bathroom during eighth period, saw respondent and A.T., and was told by respondent to "go tell that bitch to go down to Mr. Witt's room." A.D. understood respondent to be referring to E.J.[1] E.J. was a junior at Luther South and had just turned 18 years old on March 11, 2001.

A.D. returned to his classroom which, at the time, was being supervised by a substitute teacher who was engaged in watching a

---

[1]Although E.J. was an adult, we choose to refer to her by her initials.

basketball game. A.D. relayed respondent's message to E.J. who said "damn," got up, and went to the science lab.

A.T. further testified that when he arrived at the science lab, respondent and E.J. were there. A.T. knew E.J. "from around school," but had never spoken with her before. A.T. could not hear what respondent might have been saying to E.J., but respondent pointed at A.T., at which point E.J. walked across the room, unzipped A.T.'s pants and performed an act of oral sex on him.

A.D. testified that, about seven to eight minutes after E.J. left the classroom, the substitute teacher left the classroom followed by A.D. and several other students. They all went to the science lab. A.D. testified that A.T. was not there and that he saw E.J. on her knees in front of respondent, who was seated in a chair.

E.J. testified that A.D. came to her class and told her to go to room 114 to meet respondent. She said that she went "[b]ecause I was afraid if I didn't go, [respondent] would threaten to beat me up." E.J. testified that on a prior occasion, respondent slammed her head into a locker when she refused to perform oral sex on "any guy in the school" in exchange for money.

Respondent testified on his own behalf. He testified that he met E.J. in 1999, when he was a freshman. He said that he began a sexual relationship with E.J. in April 2000 that lasted until the beginning of June 2000. He denied that he had any relationship with E.J. after June 2000. He also denied talking to either A.T. or A.D. in the washroom. He denied being in room 114 during the eighth period on the day in question. He denied asking E.J., or having the power to force her, to have oral sex with anyone.

The trial court entered a finding of delinquency. The trial court also denied respondent's motion for a new trial in which he challenged the constitutionality of the indecent-solicitation-of-an-adult statute (720 ILCS 5/11—6.5 (West 2000)) (hereafter, the Act). Following a dispositional hearing on June 20, 2001, the trial court sentenced respondent to 30 days in the juvenile detention center and 18 months' probation. As a condition of probation, the trial court ordered 30 hours of community service and participation in the violence prevention program, victim impact program and mandatory counseling. Respondent was also ordered to undergo a sex offender evaluation and to register with the police as a sex offender. Respondent filed a timely notice of appeal on July 13, 2001.

## ANALYSIS

Respondent has raised several issues in this appeal, which include constitutional challenges to the Act. As in our original opinion, these

will be addressed *seriatim*. We shall first address respondent's argument that his finding of delinquency should be reversed because the legislature did not intend for the Act (720 ILCS 5/11—6.5 (West 2000)) to apply to juveniles. See, *e.g.*, *Beahringer v. Page*, 204 Ill. 2d 363, 370, 789 N.E.2d 1216, 1221 (2003) (court will consider constitutional question only where essential to disposition of a case, *i.e.*, where case cannot be determined on other grounds). We shall then address each of respondent's constitutional challenges.

Our standard of review in cases involving statutory interpretation is *de novo*. *In re Justin M.B.*, 204 Ill. 2d 120, 124, 787 N.E.2d 823, 825 (2003). The best indicator of legislative intent is the language of the statute. *In re Justin M.B.*, 204 Ill. 2d at 124, 787 N.E.2d at 825. If the plain language of a statute is clear and unambiguous, a court must give effect to the statute as written and cannot read exceptions, limitations or conditions into the statute that the legislature did not express. *In re J.W.*, 204 Ill. 2d 50, 62, 787 N.E.2d 747, 755 (2003); *In re Justin M.B.*, 204 Ill. 2d at 124, 787 N.E.2d at 825. There is no need to resort to other aids of construction where the language of the statute is clear and unambiguous. *In re B.L.S.*, 202 Ill. 2d 510, 515, 782 N.E.2d 217, 221 (2002).

## I. DID THE LEGISLATURE NOT INTEND FOR THE ACT (720 ILCS 5/11—6.5 (West 2000)) TO APPLY TO JUVENILES?

■ The Act provides as follows:

"§ 11—6.5. Indecent solicitation of an adult.

(a) A *person* commits indecent solicitation of an adult if the *person*:

(1) Arranges for a person 17 years of age or over to commit an act of sexual penetration as defined in Section 12—12 with a person:

(i) Under the age of 13 years; or

(ii) Thirteen years of age or over but under the age of 17 years; or

(2) Arranges for a person 17 years of age or over to commit an act of sexual conduct as defined in Section 12—12 with a person:

(i) Under the age of 13 years; or

(ii) Thirteen years of age or older but under the age of 17 years.

(b) Sentence.

(1) Violation of paragraph (a)(1)(i) is a Class X felony.

(2) Violation of paragraph (a)(1)(ii) is a Class 1 felony.

(3) Violation of paragraph (a)(2)(i) is a Class 2 felony.

(4) Violation of paragraph (a)(2)(ii) is a Class A misdemeanor."

(Emphasis added.) 720 ILCS 5/11—6.5 (West 2000).

As the State correctly notes, the Act (720 ILCS 5/11—6.5 (West 2000)) is clear and unambiguous. The Act defines the offender as a "person." Nothing in the plain language of the Act limits the definition of the person who does the arranging to an adult or a person over the age of 17. "There is no rule of construction that allows a court to declare that the legislature did not mean what the plain language of the statute imports." *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424, 799 N.E.2d 260, 268 (2003).

In arguing that the Act does not apply to juveniles, respondent does not dispute that the plain language of the Act does not require that the offender be an adult. Rather, relying on portions of the legislative debates, respondent asserts that the legislature made an inadvertent omission in not defining the offender as an adult. Respondent argues that the legislature intended that the "person" be an adult, *i.e.*, a person 17 years of age or over, because the Act's purpose is to protect children from exploitation by adults. Respondent notes that this court has stated that the purpose of the indecent-liberties-with-a child statute (Ill. Rev. Stat. 1971, ch. 38, par. 11—4) was to "protect innocent children from the sexual advances of older persons who have a dangerous propensity to victimize the immature." *People v. Plewka*, 27 Ill. App. 3d 553, 559, 327 N.E.2d 457, 461 (1975); see also *People v. Nash*, 183 Ill. App. 3d 924, 929, 539 N.E.2d 822, 824-25 (1989) (noting that the intent of the prior indecent-solicitation-of-a-child statute was to prevent any adult-child sexual crimes). Respondent argues that because the Act (720 ILCS 5/11—6.5 (West 2000)) at issue here, along with the indecent-solicitation-of-a-child statute (720 ILCS 5/11—6 (West 2000)), arose out of the indecent-liberties-with-a-child statute (Ill. Rev. Stat. 1971, ch. 38, par. 11—4), its purpose is the same. He further asserts that an absurd result is achieved when a child is prosecuted under a statute aimed at protecting children.

That the particular factual scenario involving the offender here was not discussed by the legislature does not mean that the legislature made an inadvertent omission in not limiting the offender to an adult. Nor would application of the Act here lead to an absurd result. We agree with the State that the fact that this respondent, at the young age of 16, had managed to commit an offense that one would normally consider reserved for more mature criminals does not somehow cry out for exemption from application of the law. The legislature has already allowed for prosecution of juveniles based on a violation of "*any* federal or State law or municipal or county ordinance." (Emphasis added.) 705 ILCS 405/5—120 (West 2000). While the purpose of the Act is to protect children from being sexually victimized, the person from whom they are being protected is *not required*

to be an adult. The Act protects the child victim from the person who arranges the acts and creates the situation that places the victim in harm's way.

Respondent also argues that because the Act was designed to protect children from exploitation, as a juvenile, he falls within the protected group and cannot be prosecuted as an offender under the Act. As the State notes, taking respondent's argument to its logical conclusion, a juvenile could never be prosecuted under any law designed to protect juvenile victims. Such a conclusion is untenable. As we have already noted, however, juveniles can be prosecuted under "*any* federal or State law or municipal or county ordinance." (Emphasis added.) 705 ILCS 405/5—120 (West 2000). We hold that the indecent-solicitation-of-an-adult statute (720 ILCS 5/11—6.5)(a)(1)(ii) (West 2000)), under which respondent was charged, is clear and unambiguous on its face and is fully applicable to juveniles.

We now turn to the several constitutional challenges raised by respondent in this appeal. Respondent contends that the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. Respondent has put forth three separate arguments in support of his contention: (1) the Act felonizes misdemeanor conduct; (2) the Act does not require a culpable mental state leading to felony convictions based on innocent conduct and conduct that lacks a criminal purpose; and (3) the Act is unconstitutionally vague. Respondent also contended that the sentencing provisions for violations of the Act violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). In our original opinion, we concluded that respondent lacked standing to raise either his due process arguments or his disproportionate penalties argument. Respondent's final constitutional challenge related to the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2000)) and the Illinois Sex Offender and Child Murderer Community Notification Law (730 ILCS 152/101 *et seq.* (West 2000)), which we noted had been resolved by the Illinois Supreme Court, which ruled that minors who have been adjudged to be delinquent for having committed sex offenses are required to register as sex offenders. *In re J.W.*, 204 Ill. 2d 50, 66, 787 N.E.2d 747 (2003), *cert. denied*, 540 U.S. 873, 157 L. Ed. 2d 133, 124 S. Ct. 222 (2003). We reiterate that holding in this opinion.[2]

---

[2]In his appeal, respondent submitted that the case was wrongly decided and noted that the Illinois Supreme Court's decision was before the United

## II. DOES THE STATUTE VIOLATE DUE PROCESS BY FELONIZING MISDEMEANOR CONDUCT?

■ Respondent first asserts that the Act violates due process because it felonizes misdemeanor conduct. In our original opinion, we agreed with the State that respondent lacked standing to complain that the Act unlawfully felonizes misdemeanor conduct because he had failed to show how he has been aggrieved by the purported unconstitutional provisions of the Act. Respondent, citing *People v. P.H.*, 145 Ill. 2d 209, 220, 582 N.E.2d 700, 704-05 (1991), and *People v. Watson*, 118 Ill. 2d 62, 66, 514 N.E.2d 167, 169 (1987), correctly notes that a party has standing to challenge the validity of a statute if he or she has sustained, or is in immediate danger of sustaining, some direct injury as a result of enforcement of the statute. In our original opinion, however, we discussed what we believed were well-established principles regarding constitutional challenges to statutes, which we shall repeat.

The general rule is that courts will not consider the validity of a statutory provision unless the person challenging the provision is directly affected by it or the unconstitutional feature is so pervasive as to render the entire statute invalid. *People v. Morgan*, 203 Ill. 2d 470, 482, 786 N.E.2d 994, 1002 (2003). This court has a duty to affirm a statute's constitutionality and validity if reasonably possible. *People v. Hill*, 199 Ill. 2d 440, 443, 771 N.E.2d 374, 376 (2002). A party lacks standing to challenge the constitutionality of a statute unless he is able to show himself to be within the class aggrieved by the alleged unconstitutionality. *People v. Mayberry*, 63 Ill. 2d 1, 6, 345 N.E.2d 97, 100 (1976), *cert. denied*, 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87 (1976). A defendant does not ordinarily have standing to challenge a statute as it might be applied to others in different circumstances. *People v. Falbe*, 189 Ill. 2d 635, 644, 727 N.E.2d 200 (2000); see also *People v. Hill*, 199 Ill. 2d 440, 445, 771 N.E.2d 374 (2002) (defendant lacked standing to challenge section of sentencing statute not applicable to him).

As the State notes, respondent was not tried as an adult, nor convicted of a felony. He was tried and adjudicated delinquent under the Juvenile Court Act of 1987 (705 ILCS 405/1—1 *et seq.* (West 2000)). Disposition of the petition for adjudication of wardship resulted in the

States Supreme Court awaiting a ruling on a petition for a writ of *certiorari*. *J.W. v. Illinois*, No. 03—17 (August 12, 2003). The United States Supreme Court subsequently denied the petition for *certiorari*. Since we have not been directed to address the merits of this particular constitutional argument, we have reiterated our prior holding.

imposition of a sentence of probation. We believe that respondent thus lacks standing to complain that the Act felonizes misdemeanor conduct because he is not directly affected as one "within the class aggrieved *by the alleged unconstitutionality.*" (Emphasis added.) *People v. May-berry*, 63 Ill. 2d at 6, 345 N.E.2d at 100. Pursuant to the supervisory order, however, we shall address the merits of respondent's argument.

Prior to the enactment of the Act, a person who "arranged" a sex act between an adult and a minor could only be charged under an accountability theory. Prosecutors, however, had difficulty in successfully prosecuting the individual who had "arranged" the sex act, so the legislature passed the Act. See 88 Ill. Gen. Assem., Senate Debates, May 13, 1993.

Under the Act, the person who arranges an act of sexual penetration between a person 17 years or over and a person who is at least 13, but not yet 17, commits a Class 1 felony. 720 ILCS 5/11—6.5(a)(1)(ii) (West 2000). Respondent notes, however, that the adult who actually engages in the act of sexual penetration with the child commits only criminal sexual abuse, a Class A misdemeanor. 720 ILCS 5/12—15(c) (West 2000) (A person commits "criminal sexual abuse when he or she commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the accused was less than 5 years older than the victim"). That same adult would not be charged under the indecent-solicitation-of-a-child statute (720 ILCS 5/11—6 (West 2000)) because criminal sexual abuse is not an offense under that statute. Rather, the indecent-solicitation-of-a-child statute provides, in relevant part, as follows:

> "A person of the age of 17 years and upwards commits the offense of indecent solicitation of a child if the person, with the intent that the offense of aggravated criminal sexual assault, criminal sexual assault, predatory criminal sexual assault of a child, or *aggravated* criminal sexual abuse be committed, knowingly solicits a child or one whom he or she believes to be a child to perform an act of sexual penetration or sexual conduct as defined in Section 12—12 of this Code." (Emphasis added.) 720 ILCS 5/11—6(a) (West 2000).

Thus, before the enactment of the Act, the "arranger" would only have been accountable for a Class A misdemeanor. Respondent asserts that sentencing the person who is accountable for a Class A misdemeanor offense to a Class 1 felony sentence is not a reasonable means of punishment. Thus, respondent asserts, the Act felonizes misdemeanor conduct and thereby violates due process principles. Respondent has failed to cite any cases supporting this argument, but instead cites the constitution generally.

The State responds that respondent's argument is fundamentally flawed because criminal sexual abuse was not the *sole* offense with which an offender could have been charged prior to the enactment of the Act. But the State fails to address respondent's argument directly. While it may be true that the "likely offense" being charged against the person who had arranged the sex act between the adult and the child was that of solicitation of a child, which itself had penalties ranging from a Class 1 to a Class 3 felony, none of those penalties applied when the sexual act constituted criminal sexual abuse. Rather, the felonies only applied when the sexual act, had it been done, constituted *aggravated* criminal sexual abuse (in which case the violation of the indecent-solicitation-of-a-child statute would be a Class 3 felony), criminal sexual assault (in which case the violation of the indecent-solicitation-of-a-child statute would be a Class 2 felony) or either predatory criminal sexual assault of a child or aggravated criminal sexual assault (in which case the violation of the indecent-solicitation-of-a-child statute would be a Class 1 felony).

Thus, respondent is apparently correct that under the Act, where the factual scenario involves an adult who actually commits the sexual act and *that adult is less than five years older than the victim*, the "arranger" is now subject to a felony where that same arranger, prior to the enactment of the Act, could not have been held accountable under the indecent-solicitation-of-a-child statute, but only accountable under the criminal sexual abuse statute. Again, this argument only seems to apply where the age difference between the adult and child engaging in the sexual act is less than five years. Where the age difference between the adult and child engaging in the sexual act is such that the adult is at least five years older than the child is, the offense would constitute aggravated criminal sexual abuse. The indecent-solicitation-of-a-child statute is violated when the act, if done, would be aggravated criminal sexual abuse, and the penalty is then a Class 3 felony.

We do not believe that the increased penalty renders the Act unconstitutional. The power to define criminal conduct and to determine the appropriate punishment for that criminal conduct rests solely with the legislature. See, *e.g.*, *People v. Hickman*, 163 Ill. 2d 250, 259, 644 N.E.2d 1147 (1994). In determining the validity of an enactment under the due process clause, the question to be answered is whether the legislation is "reasonably designed" to remedy an evil which the legislature has determined to threaten the public health, safety, and general welfare. *People v. Farmer*, 165 Ill. 2d 194, 207-08, 650 N.E.2d 1006 (1995). In the instant case, the Act is reasonably designed to protect minor victims from those individuals who would mastermind schemes to have them engage in sexual activities. The

statute represents a valid exercise of the State's police power where the State has a clear interest in seeing that those who would engage in detrimental activities are subjected to serious consequences for their transgressions. Even if an individual could have been prosecuted for criminal sexual abuse, a misdemeanor in those circumstances relied upon by respondent, this fact, in and of itself, does not somehow establish a due process violation. Both the United States Supreme Court and the Illinois Supreme Court have held that a person's constitutional rights are not denied where two different statutes prohibit the same criminal actions, require identical elements of proof and prescribe different punishments, thereby granting the prosecutor the discretion to select which offense to charge. *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979); *People v. McCollough*, 57 Ill. 2d 440, 313 N.E.2d 462 (1974). We hold that the Act does not violate due process on the grounds that it felonizes misdemeanor conduct.

## III. DOES THE STATUTE VIOLATE DUE PROCESS BY ALLOWING FOR THE POTENTIAL PROSECUTION OF INNOCENT CONDUCT?

■ Respondent has also argued that the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) because it does not require a culpable mental state or criminal purpose and allows for the potential prosecution of innocent conduct and conduct that lacks a criminal purpose. He contends that a person who innocently arranges a date between a person 17 years old and another 16 years old would be subject to prosecution if the date resulted in an act of consensual sexual penetration because the Act does not require proof of an unlawful purpose.

In our original opinion, we determined that respondent lacked standing to challenge the constitutionality of the Act on this basis also, because he was unable to show himself to be within the class aggrieved by the alleged unconstitutionality. *Mayberry*, 63 Ill. 2d at 6, 345 N.E.2d at 100. In *Hill*, the Illinois Supreme Court held that a defendant lacked standing to challenge the section of a sentencing statute not applicable to him. *People v. Hill*, 199 Ill. 2d 440, 771 N.E.2d 374 (2002).

Nonetheless, we also stated, and now reiterate, that respondent's argument is meritless. In order to be convicted of violating the Act, the offender (the solicitor) must "arrange" for an adult "to commit" an act of "sexual penetration" or "sexual conduct." Merely arranging

a date or a meeting would not be encompassed by the Act. We agree with the State that the Act, on its face, requires that the offender possess both the culpable mental state and the criminal purpose.

## IV. DOES THE STATUTE VIOLATE DUE PROCESS BECAUSE IT IS VAGUE?

■ Respondent's last argument as to why the Act is violative of due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) is that it is unconstitutionally vague. He contends that the statute is vague because it does not define "arranges."

In our original opinion, we discussed the following well-established principles. Where a statute does not implicate first amendment concerns, in order to prevail in a vagueness challenge to the statute, a party must demonstrate that the statute was vague as applied to the conduct *for which the party is being prosecuted. People v. Garrison*, 82 Ill. 2d 444, 454, 412 N.E.2d 483 (1980); see also *People v. Johnson*, 341 Ill. App. 3d 583, 587, 793 N.E.2d 774, 777 (2003) ("Where the contested statute does not involve a first amendment right, it may only be examined as it applies to the case at hand"). "That is, the party must show that the statute did not provide clear notice that the party's conduct was prohibited." *People v. Jihan*, 127 Ill. 2d 379, 385, 537 N.E.2d 751, 754 (1989). "When a statute is examined in light of the facts of the case and the statute clearly applies to the party's conduct, then a constitutional challenge based on vagueness must fail." *People v. Strickland*, 342 Ill. App. 3d 566, 569, 795 N.E.2d 793, 796 (2003), citing *People v. Ryan*, 117 Ill. 2d 28, 34, 509 N.E.2d 1001 (1987).

A vagueness determination is made in the factual context of each case in light of the particular facts at hand. *People v. Warren*, 173 Ill. 2d 348, 358, 671 N.E.2d 700, 706 (1996). A statute is not unconstitutionally vague merely because hypothetical situations can be imagined in which the meaning of some terms may be called into question or because the regulation is susceptible to misapplication. *People v. Izzo*, 195 Ill. 2d 109, 113, 745 N.E.2d 548, 552 (2001); *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 613 N.E.2d 719 (1993); *City of Chicago v. Powell*, 315 Ill. App. 3d 1136, 1146, 735 N.E.2d 119, 128 (2000); accord *People v. Warren*, 173 Ill. 2d 348, 359, 671 N.E.2d 700, 706 (1996) (a "defendant may not simply conjure up hypothetical situations in which the statutory standards might conceivably be unconstitutionally vague").

We explained that, because the statute at issue here did not implicate first amendment concerns, respondent had standing to raise

the issue of whether the statute's language was vague *as it applied to him*. Respondent instead premised his vagueness challenge solely on its application to others, under hypothetical situations, and has failed to argue that the statute's language was vague as it applied to his conduct. The *only* "argument" respondent had put forth for the proposition that the statute was vague *as it applied to him* was premised on his prior argument that the legislature inadvertently failed to define the offender as an adult, which we had already rejected as meritless. We held as follows and now reiterate: We conclude that, as applied to respondent, the indecent-solicitation-of-an-adult statute (720 ILCS 5/11—6.5 (West 2000)) is not unconstitutionally vague.

Respondent also relied on the hypothetical of a person merely "arranging" a date between an adult and a minor, where the date then results in sex. Although we believe that respondent does not have standing to raise this vagueness challenge to the statute, we will address its merits as directed to do so in the supervisory order.

We reject respondent's argument. While " 'there may be marginal cases in which it is difficult to determine, under a particular fact situation, whether conduct is within an enactment is not reason to hold that the language of the law is too ambiguous to define the duties and conditions involved.' " *People v. Warren*, 173 Ill. 2d 348, 359, 671 N.E.2d 700 (1996), quoting *City of Decatur v. Kushmer*, 43 Ill. 2d 334, 336, 253 N.E.2d 425 (1969). Moreover, as we stated in our original opinion, a statute is not void for vagueness merely because of the absence of statutory definitions of some terms. *People v. Boclair*, 202 Ill. 2d 89, 105-06, 789 N.E.2d 734, 744 (2002). Instead, courts will assume that the undefined statutory words have their ordinary and popularly understood meanings. See, *e.g.*, *People v. Anderson*, 148 Ill. 2d 15, 28, 591 N.E.2d 461, 467 (1992). There is nothing vague about the term "arrange," considering Webster's dictionary definition of "come to an agreement or understanding about." Webster's Third New International Dictionary 120 (1986). The Act is not unconstitutionally vague and does not violate due process principles under the fourteenth amendment of the United States Constitution and article I, section 2, of the Illinois Constitution (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) on vagueness grounds.

## V. DO THE SENTENCING PROVISIONS OF THE ACT VIOLATE THE PROPORTIONATE PENALTIES CLAUSE OF THE ILLINOIS CONSTITUTION?

■ We next address respondent's argument that the sentencing provisions of the Act violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Respondent asserts

that the penalties are unconstitutionally disproportionate because (1) identical offenses are punished differently and (2) the penalties for violations of the Act are harsher than those imposed under the indecent-solicitation-of-a-child statute (720 ILCS 5/11—6 (West 2000)) in violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

We held that respondent lacked standing to raise this constitutional challenge because he failed to establish that he had standing to challenge the constitutionality of the *sentencing* provisions of the Act. Our supreme court has held that a defendant lacked standing to challenge that section of a sentencing statute not applicable to him. *People v. Hill*, 199 Ill. 2d 440, 445, 771 N.E.2d 374 (2002); see also *In re C.J.*, 328 Ill. App. 3d 103, 764 N.E.2d 1153 (2002) (holding that, although police initially took juvenile into custody, juvenile arrested on drug charge did not have standing to challenge constitutionality of pretrial detention statute in relation to his drug case, where juvenile was never detained for drug offense). Respondent asserts that *Hill* is distinguishable because there the defendant was challenging the sentences that applied to offenses for which the defendant had not been charged. Respondent contends that he is challenging the constitutionality of a statute under which he *was* charged. Respondent apparently takes the incorrect position that a person charged with an offense can then challenge the subject criminal statute in its entirety, including provisions which do not apply to him.

As noted earlier, respondent has cited *People v. P.H.*, 145 Ill. 2d 209, 220, 582 N.E.2d 700, 704-05 (1991), and *People v. Watson*, 118 Ill. 2d 62, 66, 514 N.E.2d 167, 169 (1987), for the proposition that a party has standing to challenge the validity of a statute if he or she has sustained, or is in immediate danger of sustaining, some direct injury as a result of enforcement of the statute. Generally, however, a person affected by one part of a statute cannot attack the validity of another part which does not affect him. "A fundamental rule of constitutional law is that a court will not determine the constitutionality of a *provision* of a statute which does not affect the parties to the cause under consideration." (Emphasis added.) *People v. Hamm*, 149 Ill. 2d 201, 214, 595 N.E.2d 540, 545 (1992). This court will not consider objections to an allegedly unconstitutional feature of a statute if the complaining party is not in any way aggrieved *by the complained-of feature. People v. Becker*, 315 Ill. App. 3d 980, 1000, 734 N.E.2d 987, 1003 (2000).

In *People v. Upton*, 114 Ill. 2d 362, 500 N.E.2d 943 (1986), the Illinois Supreme Court rejected the State's argument that the defendant lacked standing to claim that a statute was unconstitutionally

disproportionate for providing a fine of up to $20,000 when she only received a fine of $300. The court explained its decision by noting that defendant was a member of the aggrieved class by being charged with the offense and *"[h]aving risked the maximum penalty."* (Emphasis added.) 114 Ill. 2d at 366, 500 N.E.2d at 945. Respondent here, a juvenile, was not subject to sentencing under the statute's sentencing provisions and was at no risk to receive any of the penalties provided in the Act. Rather, the disposition of the petition for adjudication of wardship resulted in the imposition of a sentence of probation under the Juvenile Court Act.

Three days after our original opinion was filed, this court decided *In re J.W.*, 346 Ill. App. 3d 1, 804 N.E.2d 1094 (2004). There, a juvenile defendant, who had been prosecuted under the extended jurisdiction juvenile statute (EJJ) (705 ILCS 405/5—810 (West 2000)), was convicted of first-degree murder and was sentenced by the trial court to a juvenile sentence of detention for a minimum of 5 years, and an adult sentence of 35 years' imprisonment. The adult sentence, however, was stayed pursuant to the EJJ. The *J.W.* court held that the juvenile defendant did not have standing to challenge the constitutionality of the revocation of stay provision of the EJJ that detailed when an adult sentence would be served. The court reasoned that the juvenile lacked standing because she did not have an adult sentence imposed, and may never have an adult sentence imposed, because her sentence was stayed pursuant to the statute. Thus, her claim was premature. The *J.W.* court relied, in part, on the Illinois Supreme Court case of *People v. Wills*, 61 Ill. 2d 105, 109, 330 N.E.2d 505 (1975), which had held that where there was no basis for application of challenged statutory provisions, the constitutionality of the provisions was not before the court. In the instant case, respondent's standing is even more lacking. His claim is not premature; it is absent. Respondent here will *never* have the sentence of which he complains imposed on him.

We now reaffirm our holding that respondent lacks standing to raise this constitutional challenge because the disposition of the petition for adjudication of wardship resulted in the imposition of a sentence of probation under the Juvenile Court Act. Thus, because he was a juvenile, he was not subject to sentencing under the statute's sentencing provisions not affected by the alleged unconstitutionality. Respondent lacks standing to challenge the sentencing scheme of the Act that was not applicable to him. Nonetheless, we shall address the merits of the argument pursuant to the supervisory order.

## VI. DOES THE ACT VIOLATE THE PROPORTIONATE PENALTIES CLAUSE OF THE ILLINOIS CONSTITUTION AND, IF SO, IS THAT CONSTITUTIONAL INFIRMITY SO PERVASIVE THAT IT RENDERS THE ENTIRE STATUTE INVALID?

As we noted earlier, however, even where a person is not directly affected by the alleged unconstitutionality, courts nonetheless will consider the validity of a statutory provision if "the unconstitutional feature is so pervasive as to render the entire statute invalid." *People v. Morgan*, 203 Ill. 2d 470, 482, 786 N.E.2d 994, 1002 (2003). This principle was cited by this court in its original opinion as a result of its independent research. We noted then, and again note, that respondent did not discuss this principle in his opening brief or his reply brief. He instead took the position that, because he had been charged with the statute, he had standing to challenge the validity of the entire statute on its face and each and every provision. To support his claim of general standing, and as noted earlier, respondent relied upon language from the cases of *People v. P.H.*, 145 Ill. 2d 209, 220, 582 N.E.2d 700, 704-05 (1991), and *People v. Watson*, 118 Ill. 2d 62, 66, 514 N.E.2d 167, 169 (1987), which state that a party has standing to challenge the validity of a statute if he or she has sustained, or is in immediate danger of sustaining, some direct injury as a result of enforcement of the statute. Respondent ignored the fundamental rule of constitutional law noted earlier, and which has been pronounced in other cases, some of which were included in the State's response brief, that a court will not determine the constitutionality of a *provision* of a statute which does not affect the party. See, *e.g.*, *People v. Hamm*, 149 Ill. 2d 201, 214, 595 N.E.2d 540, 545 (1992); *People v. Mayberry*, 63 Ill. 2d 1, 6, 345 N.E.2d 97, 100 (1976), *cert. denied*, 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87 (1976).

In his petition for rehearing, respondent did finally raise the argument that the unconstitutional feature of the penalty provision of the Act was so pervasive as to render the entire statute invalid. Contrary to his representations in his petition for leave to appeal, this court did not ignore the argument. In our original opinion, we did not conclude that the constitutional infirmity of which respondent complained, namely, that the Act violated the proportionate penalties clause, was so pervasive as to render the entire statute invalid. Instead, we stated as follows: "In fact, our research has disclosed precedent to the contrary. See, *e.g.*, *People v. Davis*, 177 Ill. 2d 495, 508, 687 N.E.2d 24, 30-31 (1997) (in which supreme court, after concluding that the penalty for violations of the Firearm Owners Identification Card Act (430 ILCS 65/0.01 *et seq.* (West 1994)) by a felon (730 ILCS 5/5—5—

3(c)(2)(N) (West Supp. 1995)) violated section 11 of article I of the 1970 Illinois Constitution, dismissed charges against defendant—who *was* directly affected by unconstitutional feature—yet did not declare entire statute unconstitutional or invalid)." *M.T.*, 346 Ill. App. 3d at 95.

Because we have been directed to do so, we shall now consider the merits of respondent's argument. As we stated in our original opinion, a statute may be deemed unconstitutionally disproportionate if: (1) the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that creates a less serious threat to the public health and safety is punished more harshly; or (3) identical offenses are given different sentences. *People v. Miller*, 202 Ill. 2d 328, 338, 781 N.E.2d 300, 307 (2002). Respondent contends that the sentencing scheme of the Act is unconstitutionally disproportionate under both the second and third tests. We shall address the second test first.

For purposes of the second proportionality test, "a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely." *People v. Huddleston*, 212 Ill. 2d 107, 130 (2004). The Illinois Supreme Court has established the following two-step inquiry for the second proportionality test, also known as a cross-comparison analysis, which requires that a court determine: (1) whether the statutory purposes of the compared offenses are distinct, so that comparative proportionality review is not appropriate; and (2) whether the offense with the harsher penalty is more serious than the offense with the less severe penalty. *People v. Davis*, 177 Ill. 2d 495, 503-04, 687 N.E.2d 24 (1997); *People v. Lombardi*, 184 Ill. 2d 462, 475-76, 705 N.E.2d 91 (1998).

Respondent contends that the indecent-solicitation-of-an-adult statute violates the proportionate penalties clause when compared to the indecent-solicitation-of-a-child statute. He first asserts that the two statutes share a similar purpose, "to protect innocent children from the sexual advances of older persons who have a dangerous propensity to victimize the immature." *People v. Plewka*, 27 Ill. App. 3d 553, 559, 327 N.E.2d 457, 461 (1975). We agree and conclude that the first step of the cross-comparison analysis has been satisfied.

Respondent also argues that the second step of the cross-comparison analysis has been met because the indecent-solicitation-of-a-child statute, which additionally requires that the solicitation be accompanied by violence or threat of violence, regulates conduct which poses more of a threat to the public health and safety, yet the indecent-solicitation-of-an-adult statute carries harsher penalties. We agree.

As respondent notes, under the indecent-solicitation-of-an-adult statute, it is a Class X felony for any person to solicit an adult to engage in an act of sexual penetration with a child under the age of 13. There is no requirement that the solicitation occur while the solicitor is armed or that it be accompanied by the threat of force or through bodily harm to the child. 720 ILCS 5/11—6.5(a)(1)(i) (West 2000). Under the indecent-solicitation-of-a-child statute, there are no Class X penalties even though the statute proscribes an adult directly soliciting a child, for an act of sexual penetration through the use or threat of force, while armed with a weapon or while causing bodily harm to the child. 720 ILCS 5/11—6 (West 2000). To punish a nonviolent solicitation more harshly than a violent one is disproportionate and unconstitutional.

As respondent further notes, to commit a Class 1 felony under the indecent-solicitation-of-an-adult statute, the solicitor only has to arrange an act of sexual penetration between an adult and a child. Hence, the solicitor can commit a Class 1 felony even if arranging a consensual act. 720 ILCS 5/11—6.5(a)(1)(ii) (West 2000). Under the indecent-solicitation-of-a-child statute, however, there are two ways to commit a Class 1 felony. The first is when an adult solicits a child with the intent to commit predatory criminal sexual assault of a child and the second is when an adult possesses the intent to commit aggravated criminal sexual assault. 720 ILCS 5/11—6(c))(1) (West 2000). Both require that the accused not only solicit the child for sex, he must do so while armed, while threatening the use of force or while causing bodily harm to the child. 720 ILCS 5/11—6, 12—14 (West 2000).

Under the indecent-solicitation-of-an-adult statute, a Class 2 felony occurs when a person arranges an act of sexual contact between an adult and a child under the age of 13. There is no requirement that the solicitation be accompanied by force, the threat of force, or bodily harm or that the person be armed with a weapon. 720 ILCS 5/11—6.5(a)(2)(i) (West 2000). To commit a Class 2 felony under the indecent-solicitation-of-a-child statute, however, an adult must solicit a child with the intent to commit criminal sexual assault. 720 ILCS 5/11—6(c)(2) (West 2000). To commit criminal sexual assault where the victim is 17 or under, there must be an act of sexual penetration accompanied by force or the threat of force or the accused must know the victim is unable to give knowing consent or to understand the nature of the act, for example, where the victim is retarded. 720 ILCS 5/12—13(a)(1), (a)(2), (b)(1) (West 2000). We believe that it is unconstitutional to impose the same punishment upon the nonviolent arrangement of an act of sexual conduct and a violent solicitation of an act of sexual penetration. We agree with respondent's assertion

that the sentencing provisions for violations of the Act violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

As noted earlier, in our original opinion we correctly stated that respondent had failed to argue that this constitutional infirmity was so pervasive that it rendered the entire statute invalid. *M.T.*, 346 Ill. App. 3d at 94-95; see *People v. Morgan*, 203 Ill. 2d 470, 482, 786 N.E.2d 994, 1002 (2003). We cited contrary authority, namely, *People v. Davis*, 177 Ill. 2d 495, 508, 687 N.E.2d 24, 30-31 (1997), in which our supreme court, after concluding that the penalty for violations of the Firearm Owners Identification Card Act (430 ILCS 65/0.01 *et seq.* (West 1994)) by a felon (730 ILCS 5/5—5—3(c)(2)(N) (West Supp. 1995)) violated section 11 of article I of the 1970 Illinois Constitution, dismissed charges against defendant—who *was* directly affected by the statute's unconstitutional feature—yet did not declare the entire statute unconstitutional or invalid. In light of the supervisory order, and in view of our consideration of the merits of respondent's argument, we have reevaluated that decision. We find respondent's new arguments persuasive and agree that a criminal statute without a valid penalty provision is entirely unconstitutional and is a nullity. *City of Chicago v. Roman*, 184 Ill. 2d 504, 513, 785 N.E.2d 81 (1998). Thus, we now conclude that the unconstitutional feature here, namely, sentencing provisions that violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), is so pervasive that it renders the entire statute invalid. We hereby declare the indecent-solicitation-of-an-adult statute found in section 11— 6.5(a)(1)(ii) of the Criminal Code of 1961 (720 ILCS 5/11—6.5(a)(1)(ii) (West 2000)) unconstitutional in its entirety.

In accordance with the foregoing, we reverse the judgment of the circuit court of Cook County.

Reversed.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.