No. 3-05-0261

Filed March 13, 2006.

_____

IN THE
APPELLATE COURT OF ILLINOIS
THIRD DISTRICT

A.D. 2006

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit Will County, Illinois |
| Plaintiff-Appellee, | ) ) | No. 04-TR-121458 |
| v. | ) ) | |
| ANGELA L. MATYSIK, | ) ) | Honorable Kathleen Kallan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SLATER delivered the opinion of the court:
_____

The defendant, Angela Matysik, was issued a traffic citation for approaching, overtaking and passing a school bus. See 625 ILCS 5/11--1414(a) (West 2002). After a bench trial, the defendant was found guilty. Pursuant to statute, her driver's license was suspended for three months and she received a $150 fine. 625 ILCS 5/11--1414(f) (West 2002).

On appeal, the defendant argues: (1) her conduct in making a right-hand turn from a stop sign in front of a school bus did not violate Illinois law; (2) she did not violate the statute in question because the school bus driver placed her in an extraordinary and unanticipated circumstance; and (3) she was not proven guilty beyond a reasonable doubt. For the following reasons, we affirm.

I.   FACTS

The record reflects that at 8:55 a.m. on November 4, 2004, the defendant was driving to work in her automobile when she approached the intersection of Brickstone and Rainford Streets in Frankfort, Illinois.  Rainford Street runs north and south and Brickstone Street runs east and west.  The defendant was proceeding south on Rainford.

The defendant testified that there was a stop sign at the corner of Brickstone and Rainford Streets.  As she stopped at the stop sign, the defendant saw a school bus to her left.  The school bus was stopped facing west on Brickstone Street.

The defendant looked at the bus driver and saw that the bus driver was waving her arms at her.  The defendant did not know why the bus driver was waving her arms.  She thought the bus driver may have wanted to turn down the street that the defendant was coming out of because there were vehicles parked on both sides of the street.  Therefore, she made a right turn and proceeded west on Brickstone Street.  She did not see the school bus stop arm extended out.

Lori Dattulo testified that she was a school bus driver for Lincoln Way Transportation in school district 210.  According to Dattulo, at around 8:55 a.m. on November 4, 2004, she approached the corner of Brickstone and Rainford Streets.  She turned on her yellow flashers which are located at the top of the school bus,

2

and she extended the flashing four-foot stop sign which is located on the side of the bus. At that time, she was "hitched around the corner" of Brickstone and Rainford Streets in a north-westerly direction. The designated bus stop was at the corner of Brickstone and Rainford Streets, not at a specific address. Dattulo was waiting for two kindergarten children to board the bus.

The first student walked across the street and boarded the bus. The second student was in his mother's car as his mother was trying to get out of his car seat. As Dattulo waited for him to board the school bus, she saw a red vehicle pass between her bus and parked vehicles. Dattulo honked her horn, and the driver continued around the corner. According to Dattulo, the driver of the vehicle was putting on her mascara. Dattulo identified the defendant as the driver of the red vehicle.

Dattulo radioed the base station about the incident. When she returned to the station she filled out a report indicating the type of vehicle, gender of the driver, license plate number, and the location of the incident.

Will County sheriff's deputy Steven Kirsch testified that on November 10, 2004, he received a report of a school bus stop arm violation from the Lincolnway school district. Kirsch ran the license plate number through the Secretary of State computer and learned that the defendant was the registered owner of the

vehicle.  Kirsch then issued a citation to the defendant.

After hearing all the evidence, the trial court believed the defendant's claim that she did not see the school bus stop arm extended.  However, the court did find that the school bus was stopped and that the stop arm was extended.

The trial court also found that the school bus was stopped straddling the intersection of Brickstone and Rainford Streets. In that location, the trial court held, vehicles were required to stop in all directions.  Therefore, the trial court found the defendant guilty of the charged offense.  See 625 ILCS 5/11--1414(a) (West 2002).

## II.  ANALYSIS

### A.  "Meeting or overtaking, from either direction"

On appeal, the defendant first argues that as a matter of law, the phrase "meeting or overtaking, from either direction" contained in the statute in question is not meant to include a vehicle making a right-hand turn from a stop in a direction away from a school bus.  See 625 ILCS 5/11--1414(a) (West 2002).

Section 11--1414 of the Illinois Vehicle Code (Code) provides, in pertinent part:

> "The driver of a vehicle shall stop such
> vehicle before meeting or overtaking, from
> either direction, any school bus stopped for
> the purpose of receiving or discharging

4

pupils ***. Such stop is required before reaching the school bus when there is in operation on the school bus the visual signals as specified in Sections 12-803 and 12-805 of this Code. The driver of the vehicle shall not proceed until the school bus resumes motion or the driver of the vehicle is signaled by the school bus driver to proceed or the visual signals are no longer actuated." 625 ILCS 5/11--1414(a) (West 2002).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. People v. Ward, 215 Ill. 2d 317, 830 N.E.2d 556 (2005). Undefined terms in a statute shall be given their ordinary and popularly understood meaning. Ward, 215 Ill. 2d at 325, 830 N.E.2d at 560.

Issues of statutory interpretation are reviewed on a de novo basis. In re Justin M.B., 204 Ill. 2d 120, 787 N.E.2d 823 (2003). The trial court's factual determinations regarding the defendant's conduct will not be reversed unless they are against the manifest weight of the evidence. People v. Sorenson, 196 Ill. 2d 425, 752 N.E.2d 1078 (2001).

We have reviewed section 11--1414 of the Code and find that its terms are not ambiguous. 625 ILCS 5/11--1414 (West 2002).

5

It clearly prohibits meeting or overtaking a stopped school bus from either direction.  625 ILCS 5/11--1414(a) (West 2002).  The word "meeting" is defined as to come near by approach from another direction.  Webster's Third New International Dictionary 1404 (1993).  To "overtake" is to catch up with and pass someone or something.  Webster's Third New International Dictionary 1611 (1993).

Here, the trial court found credible Dattulo's testimony that the school bus was straddling the intersection of Brickstone and Rainford Streets.  That position would require vehicles in all directions to stop.  While the school bus was stopped, the defendant drove her vehicle into the intersection and passed the school bus on the driver's side between the school bus and the curb.  In doing so, the defendant met or overtook the school bus and thereby violated the statute.  625 ILCS 5/11--1414 (West 2002).

For these reasons, we find:  (1) the phrase "meeting or overtaking, from either direction" contained in the statute in question is meant to include a vehicle making a right-hand turn from a stop in a direction away from a school bus; and (2) the trial court's findings that the defendant's conduct violated the statute are not against the manifest weight of the evidence.  See 625 ILCS 5/11--1414 (West 2002).

B.  Extraordinary and Unanticipated Circumstance

6

Next, the defendant argues that as a matter of law, the statute in question does not require that an operator of a vehicle be held liable when the driver of the school bus places the operator of the vehicle in an extraordinary and unanticipated circumstance. See 625 ILCS 5/11--1414 (West 2002). Specifically, the defendant argues that Dattulo's improper behavior in blocking the intersection created an unsafe traffic situation which precluded the application of the statute.

Again, findings of fact made by the trial court are entitled to great deference on appeal and will not be reversed unless they are against the manifest weight of the evidence. People v. Sorenson, 196 Ill. 2d 425, 752 N.E.2d 1078 (2001). The remaining issue of whether the defendant's conduct is excused under the statute if the bus driver had stopped in an inappropriate place is a question of statutory interpretation subject to de novo review. In re Justin M.B., 204 Ill. 2d 120, 787 N.E.2d 823 (2003).

Here, the trial court found that the school bus was stopped in a position straddling the intersection which required traffic coming from all directions to stop. Dattulo testified that the designated bus stop was at a corner and not at a specific address. There was no evidence presented to suggest that this was an inappropriate place for the school bus to stop or that it would have been safer for children to board the school bus in a

7

different location.  Since Dattulo was not stopped in an inappropriate location, we reject the defendant's contention that Dattulo's inappropriate behavior in straddling the intersection precluded application of the statute.  See 625 ILCS 5/11--1414 (West 2002).

### C.  Reasonable Doubt

Finally, the defendant argues that she was not proven guilty beyond a reasonable doubt.  Specifically, she contends: (1) she came to a complete stop; and (2) she did not pass the school bus in "either" direction, as required by the statute in question (625 ILCS 5/11--1414 (West 2002)).

When reviewing the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  People v. Collins, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).

Determinations of the credibility of the witnesses, the weight to be given their testimony, and the reasonable inferences to be drawn from the evidence are responsibilities of the trier of fact.  People v. Jimerson, 127 Ill. 2d 12, 535 N.E.2d 889 (1989).  A reversal is warranted only if the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt regarding the defendant's guilt.  People v. Flowers, 306 Ill.

8

App. 3d 259, 714 N.E.2d 577 (1999).

Section 11--1414 of the Code requires the driver of a vehicle to stop before meeting or overtaking from either direction a school bus that is stopped at any location for the purpose of receiving or discharging pupils. 625 ILCS 5/11--1414(a) (West 2002). The driver of the vehicle must remain stopped until the school bus resumes motion or the driver of the vehicle is signaled by the school bus driver to proceed or the visual signals are no longer activated. 625 ILCS 5/11--1414(a) (West 2002).

The defendant was proven guilty beyond a reasonable doubt. At trial, Dattulo testified that she saw the defendant proceed into the intersection without stopping, pass the school bus on the driver's side, travel between the school bus and the curb, and turn away from the bus. According to Dattulo, the defendant was putting on mascara while she engaged in these maneuvers. Dattulo did not give defendant permission to proceed through the intersection.

Even the defendant admitted that she drove into the intersection and turned away from the school bus. However, she claimed that she only did so after she stopped at the stop sign and Dattulo waved her through the intersection.

The trial court heard the testimony of both Dattulo and the defendant. It is clear from the record that the trial court found Dattulo's testimony to be more credible. We are not convinced that such a finding is in error. The evidence, taken in the light most favorable to the prosecution, showed that the defendant passed the stopped school bus

9

in violation of the statute.  See 625 ILCS 5/11--1414(a) (West 2002).

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE and LYTTON, J.J., concur.